FILED

2012 MAR -2  PM 4: 04

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1   Michael L. Rodenbaugh
    California Bar No. 179059
2   Erin Dennis Vivion
    California Bar No. 262599
3   *RODENBAUGH LAW*
    548 Market Street
4   San Francisco, CA   94104
    (415) 738-8087 phone/fax
5   info@rodenbaugh.com

6   OF COUNSEL
7   Jonathan Matkowsky
    Matkowsky Law P.C.
8   375 Park Avenue Suite 2607
9   New York, New York 10152
    *Pro Hac Vice Pending*
10  Tel: 347-514-9988; Fax: 344-514-9900
    jonathan@matkowsky.com
11
    Attorneys for Plaintiff
12  PLANET.ECO LLC

13

14              UNITED STATES DISTRICT COURT

15          FOR THE CENTRAL DISTRICT OF CALIFORNIA

16                                       Case No. **CV 12   18 12-PA (PLAX)**

17  PLANET.ECO, LLC,                     **COMPLAINT FOR: (1) FEDERAL**
18  a Connecticut limited liability company,  **TRADEMARK INFRINGEMENT, 15**
                                         **U.S.C. § 1114; (2) FALSE DESIGNATION**
19              Plaintiff,               **OF ORIGIN, 15 U.S.C., § 1125; (3)**
                                         **COUNTERFEITING, 15 U.S.C. § 1114; (4)**
20      v.                               **VIOLATION OF THE ANTI-**
                                         **CYBERSQUATTING CONSUMER**
21  BIG ROOM, INC., a Canadian corporation,  **PROTECTION ACT, 15 U.S.C. § 1125(D);**
                                         **(5) UNFAIR COMPETITION UNDER**
22  DOTECO LLC, a California limited liability  **CAL. BUS. & PROF. CODE § 17200; (6)**
    company,                             **VIOLATION OF FEDERAL COMMON**
23                                       **LAW**
    -and-
24
    FREDERICK R. KRUEGER, an individual.
25              Defendants.             **DEMAND FOR JURY TRIAL**

26

27          Plaintiff PLANET.ECO, LLC alleges as follows, upon actual knowledge with respect to

28  RODENBAUGH LAW                                      PLANET.ECO LLC'S COMPLAINT
    548 Market Street                                   Case No. _____
    San Francisco, CA 94104              -1-

1    itself and its own acts, and on information and belief as to all other matters.

2    **JURISDICTION AND VENUE**

3    1.    This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 *et seq.*

4    (the "Lanham Act").  Accordingly, this Court has federal question jurisdiction over the subject

5    matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a), (b).  The Court has

6    supplemental jurisdiction over the claims in this Complaint that arise under statutory and

7    common law of the State of California pursuant to 28 U.S.C.  § 1367(a) because the state law

8    claims are so related to the federal claims that they form part of the same controversy and derive

9    from a common nucleus of operative facts.  This Court has personal jurisdiction over Defendants

10   because they have continuous, substantial and otherwise sufficient contacts with the State of

11   California and this judicial District subjecting them to personal jurisdiction of this Court

12   pursuant to Cal. Code. Civ. Pro. § 410.10, and because Defendants have purposefully availed

13   themselves of this forum.

14   2.    Venue in this District is proper under 28 U.S.C. § 1391(b) because a substantial

15   part of the events giving rise to the claims occurred in this District, and Defendants transact

16   business in this District, including having initiated and/or filed applications with the Internet

17   Corporation for Assigned Names and Numbers ("ICANN"), which is incorporated and existing

18   under the laws of the State of California, with its principal office and place of business located in

19   Marina del Rey, California.

20   **PARTIES**

21   3.    Plaintiff, Planet.Eco LLC, is an active Connecticut limited liability company,

22   organized and existing under the laws of the State of Connecticut, with an office located at 45

23   West North St., Stamford, CT 06902.

24   4.    Defendant Big Room, Inc. ("Big Room") is a Canadian corporation with

25   addresses at 332-238 Keefer Street, Vancouver, B.C.  V6A 1X6 and 210 Prospect St., New

26   Haven, Connecticut.  Big Room also has a mailing address at 195 Prospect St., New Haven, CT

27   06511.

28

1    5.    Defendant DotEco LLC is a California limited liability company with an address

2    at 3100 Donald Douglas Loop N, Hanger 7, Santa Monica, CA 90405.  At all times material to

3    this action, DotEco LLC was the agent, servant, and alter ego of Defendant Frederick Krueger

4    ("Krueger"), and the acts of DotEco LLC were in the scope of such relationship; in doing the

5    acts and failing to act as alleged in the Complaint, DotEco LLC acted with the knowledge and at

6    the personal direction of Krueger and aided and abetted Krueger in the acts or omissions alleged

7    in this Complaint.

8    6.    Krueger is an individual residing in Malibu, CA 90265-5578.  At all times

9    material to this action, Defendant Krueger was the agent, servant, or alter ego of DotEco LLC,

10   and the acts of Defendant Krueger were in the scope of such relationship.  Krueger personally

11   directed DotEco LLC in the acts or omissions alleged in this Complaint, with DotEco LLC's

12   knowledge, permission, and consent.

13                              **FACTUAL BACKGROUND**

14                              PLAINTIFF'S ACTIVITIES

15   7.    Since 2008, Plaintiff either directly, or through its predecessors-in-interest

16   ("Plaintiff," or "Planet Dot Eco"), has publicly announced its mission to "be the change" that

17   "we have to see in the world" by aligning itself with those who understand the importance of

18   protecting the planet's biosphere.  Plaintiff further explained its vision for the mark .ECO® as

19   being one of the catalysts for the rapid reversal of negative buildup of GHG in the air and a

20   myriad of toxins in our waters, and for the fostering of food sources which are humanely and

21   biodynamically managed.

22   8.    From the outset, Plaintiff announced that it looked forward to voluntarily

23   investing a percentage of its profits in projects that encompass clean air and water; work for the

24   elimination of hunger; and work for the development of renewable non-polluting energy sources.

25   It declared since 2008 its hope that its collective efforts will result in healthier homes, cleaner

26   and safer workplaces, and a world where true health, harmony and prosperity is the norm, rather

27   than the exception.

28

9.      Plaintiff's idea behind its .ECO® website services since 2008 was to create environmentally inspired websites that bring about change through healthy, virtual collaboration and engagement that cultivates a clean, positive and sustainable future.  Therefore, Plaintiff offered website building services to teach and guide such like-minded individuals how to build a website, including discovering the optimal niche, finding correct keywords, coding HTML webpages, using graphics, search engine optimization of site content, web design, domain names, web hosting, and online website builders.

10.     Since 2008, Plaintiff also has offered services under the .ECO® mark in the nature of website promotion and affiliate programs for selling over the Internet, so that customers can create income from such sites.  Amongst other things, Plaintiff also offered services related to domain name registrations.  Specifically, Plaintiff explained the importance of selecting the right domain name and finding the appropriate registrar to work with.  On its brochure, Plaintiff invited customers to contact Plaintiff to consult on these decisions.

11.     Plaintiff has assisted numerous organizations with design, creation, hosting and maintenance of Internet sites, hosting of their digital content over the Internet, and providing customers specific information as requested via the Internet.

<u>PLAINTIFF'S REGISTERED TRADEMARK</u>

12.     Plaintiff is the exclusive owner of U.S. Reg. No. 2,716,170 for the mark .ECO® in standard characters, covering "design, creation, hosting and maintenance of Internet sites for third parties; hosting of digital content on the Internet; providing specific information as requested by customers via the Internet," in Class 42 (the "'170 Registration").

13.     The '170 Registration issued November 24, 2009, and is valid, subsisting, and in full force and effect.  True and correct copies of the '170 Registration, together with the Trademark Assignment Abstract of Title, is attached as Exhibits A and B, respectively.

14.     The existence of this valid and subsisting federal trademark registration is prima facie evidence of Plaintiff's ownership and the validity of the mark .ECO®.  The mark is unique and distinctive and, as such, designates a single source of origin.

15.     Plaintiff has constructive nationwide priority for its mark .ECO® since April 20, 2008 (the "Priority Filing Date"), when the assignor filed application SN 77-452,991 (the "Application") in the United States Patent and Trademark Office ("PTO"), which resulted in issuance of the '170 Registration on the Principal Register to Plaintiff's predecessor-in-interest, now assigned to Plaintiff.   Plaintiff first used the mark .ECO® in commerce in 2008.

16.     Plaintiff continues to render a wide variety of services online in the United States under its  mark .ECO®, including domain name registration services, web hosting services, SSL & security services, email account services, marketing tools, and website building services.  A detailed list of the services for each of these categories can be found on Plaintiff's most current dedicated site, <www.dot-eco.com>.

17.     Not only is Plaintiff's mark inherently distinctive (further evidenced by the '170 Registration), but it has also gained extrinsic strength through Plaintiff's successful policing efforts.  For example, Plaintiff has monitored infringing uses of its registered mark on popular social networking sites, such as Facebook.  Recognizing that a federal registration is entitled to a presumption of validity, Facebook has thanked Plaintiff for bringing infringing uses to its attention, and has removed or disabled access to offending third-party content reported by Plaintiff.

18.     Plaintiff's mark .ECO® is a valid and enforceable mark.

### PLAINTIFF IS APPLYING TO OPERATE A DOMAIN NAME REGISTRY

19.     ICANN is a non-profit corporation that was organized in 1998 in response to a plan by the Department of Commerce.

20.     The Internet is comprised of numerous top level domains ("TLDs").

21.     Each TLD has a "registry" or operator, responsible for keeping the records and a directory of all the domain names registered within that TLD, and ensuring that appropriate information is provided in response to internet users' specific requests via the Domain Name System (DNS).

22.     One of ICANN's functions is to enter into registry agreements that authorize an

entity to act as the registry for a particular TLD.

23.     In June 2011, ICANN's Board of Directors authorized the launch of a new TLD program.  The TLD Application System ("TAS") is ICANN's official application submission and management system for the new TLD program.  Applicants only are able to register for access through the 29th of March, with final submission by April 12, 2012.

24.     Once submitted to ICANN, applications pass through multiple stages of processing.  The Applicant Guidebook is over 300 pages and requires a significant expenditure of human capital, as well as other costs to ensure one can demonstrate financial capability, technical capability, and operational capability within each TLD application.  The application fee itself is $185,000 USD per new TLD.

25.     When there is more than one qualified application for the same or similar TLD string, all such applications shall be submitted to an expensive and dilatory "string contention" procedure.  In the Applicant Guidebook, "similar" means strings so similar that they create a probability of user confusion if more than one of the strings is delegated.

26.     Groups of applied-for TLD strings that are either identical or similar are referred to as "contention sets."

27.     Contention set resolution can easily take 6 months to complete, thereby delaying delegation of a new TLD.

28.     Such delay is highly significant, considering there will be hundreds of new TLDs applying at the same time, and there is considerable market advantage to launching as soon as possible, as consumers are eager to have alternative domain names (in addition to .com and other existing TLD names which are very difficult to find at any reasonable price).

29.     Plaintiff intends to file an application to operate a new TLD identical to its .ECO® mark.

30.     Use of a new TLD identical to its mark .ECO® is well within the natural zone of expansion for Plaintiff in the United States, because domain name registry services are identical and highly related to the services described in Plaintiff's '170 Registration.  Specifically,

1   "providing specific information as requested by customers via the Internet" is the functional

2   equivalent of domain name registration and resolution services provided by a domain name

3   registry.  Internet users register a domain name with a domain name registrar, and then the

4   domain name registry provides specific resolution to a designated website every time that a user

5   queries that domain name in the Domain Name System (DNS).  Moreover, "design, creation,

6   hosting and maintenance of Internet sites for third parties" and "hosting of digital content on the

7   Internet" are generally provided along with domain name registration services, by the same

8   companies under the same marks and to the same consumers.  Therefore such services are highly

9   related to domain name registration services, such that two different providers ought not be

10  allowed to use identical marks in U.S. commerce, because consumer confusion would be highly

11  likely.

## DEFENDANTS' INTENTIONALLY WRONGFUL ACTIVITIES

### BIG ROOM'S INTENTIONAL INFRINGEMENT

14       31.      Big Room intends to operate a domain name registry under a new ".eco" TLD.

15       32.      Big Room filed to register the .ECO mark before the United States Patent and

16  Trademark Office for substantially the same services as covered by Plaintiff's .ECO®

17  registration.

18       33.      On or about October 28, 2008, the United States Patent and Trademark Office

19  notified Big Room *that Plaintiff has priority over Big Room* and that there would be a likelihood

20  of confusion between Big Room's application to register .ECO and Plaintiff's pending mark.

21       34.      At that time, there was no display of Plaintiff's .ECO® trademark on Big Room's

22  website located at http://www.bigroom.ca.

23       35.      Notwithstanding Plaintiff's Priority Filing Date—and Big Room's *actual*

24  *knowledge* of Plaintiff and its mark—on or about April 2009, in reckless disregard of Plaintiff's

25  rights, in April 2009, Big Room registered the domain name *doteco.info*.

26       36.      On or about June 2009, Big Room announced that Big Room is building a system

27  that will use the .eco TLD to provide online information at the specific request of internet users –

28

1  "to anyone with a browser, anytime they need it, anywhere on the planet."   Big Room advertised

2  that "doteco.info" will be used as its "hub" for the operation of identical and highly related

3  services as covered by Plaintiff's registered mark.  Big Room used Plaintiff's mark and

4  substantially indistinguishable variations thereof, on pages hosted at the domain name

5  *doteco.info* for identical and highly related internet services.

6      37.    Furthermore, notwithstanding actual knowledge of Plaintiff, long after Plaintiff's

7  Priority Filing Date and after Big Room knew that Plaintiff had commenced use of its .ECO®

8  mark in interstate commerce for identical and highly related internet services, Big Room

9  registered the domain name doteco.org (collectively, the *doteco.info* and *doteco.org* domains,

10  hereinafter referred to as "Big Room Domain Names") on or about September 12, 2009.  Prior

11  thereto, the domain was registered in the name of one of the Board Members of Big Room

12  individually, and the domain was a "parked page" only.

13      38.    Big Room not only announced its intent to infringe by using a replica of

14  Plaintiff's mark for substantially the same services, but *commenced use* by rendering

15  substantially identical services as covered by Plaintiff's .ECO® registration, such as providing

16  specific information at the request of its subscribers through a variety of means in the United

17  States and elsewhere, using a mark identical to Plaintiff's registered mark.

18      39.    Plaintiff demanded that Big Room cease its infringing activities, and after some

19  negotiation with Plaintiff in Connecticut, Big Room offered Plaintiff $15,000 to license its rights.

20  Plaintiff refused, and Big Room anyway continued to ramp up its campaign to apply to ICANN

21  to operate a ".eco" TLD in an infringing manner in the United States.

22      40.    In 2010, Plaintiff used the *doteco.info* domain to feature Plaintiff's trademark

23  more prominently and further evidenced an intent to encroach on Plaintiff's mark as time went

24  on, which ultimately compelled Plaintiff to engage counsel to investigate the matter.

25      41.    Through counsel, on or about January 12, 2012, Plaintiff sent a second "cease and

26  desist" notice to Big Room, again notifying Big Room that Plaintiff has established an ongoing

27  business in the United States since 2008, using the .ECO® mark and that the '170 registration

28

1   describes domain name registration activities.

2     42. Plaintiff expressed through counsel that Big Room immediately cease and desist

3   from any new activities in furtherance of its stated intent to apply to ICANN to operate a .ECO

4   TLD.  A true and correct copy of the demand letter dated January 11, 2012 to Big Room is

5   attached as Exhibit C.  Although Plaintiff's counsel offered Big Room an opportunity to call with

6   any questions, Big Room neither availed itself of this opportunity, nor raised any substantive

7   arguments in response.

8     43. To make matters worse, notwithstanding that Big Room was seeking to register a

9   .ECO trademark with the USPTO for substantially identical services as covered by Plaintiff's

10  registration, and to interfere with Plaintiff's plans to file an application before ICANN to operate

11  a new TLD in an infringing manner in the United States, Big Room filed a petition to cancel

12  Plaintiff's '170 registration on February 17, 2012, on the grounds that the very mark it seeks to

13  register is incapable of functioning as a trademark.

14    44. On top of that, Big Room asserted in its February, 2012, petition to the USPTO

15  that Plaintiff procured its registration fraudulently, even though cursory research demonstrates

16  that Plaintiff has been using its mark in commerce since 2008 for the services covered by the

17  '170 registration.

18    45. Furthermore, on or about June 7, 2010, Big Room had told the PTO that it should

19  suspend its pending .ECO application on the grounds that *Defendant DotEco LLC* (discussed

20  below) had filed a petition to cancel Plaintiff's mark (which petition since has been dismissed by

21  the PTO at Plaintiff's behest).  Therefore, it is apparent that Big Room was fully familiar with

22  the proceedings before the United States Trademark Trial and Appeal Board ("TTAB") by and

23  between Plaintiff and DotEco LLC, including publicly available, notarized affidavits submitted

24  by Plaintiff as evidence of its use of its .ECO® mark since 2008.

25    46. Big Room surely was aware of the evidence of use made of record in the DotEco

26  LLC proceeding and/or recklessly disregarded such public records in bringing its petition to

27  cancel on February 17, 2012.

28

**RODENBAUGH LAW**
548 Market Street
San Francisco, CA 94104

-9-

**PLANET.ECO LLC'S COMPLAINT**
Case No. _____

47.     Plaintiff received actual notice of Big Room's filing on February 22, 2012.

48.     Big Room filed the petition to cancel in bad faith, for the sole purpose of creating a "cloud" over Plaintiff's Priority Filing Date as Plaintiff is preparing its new TLD application to ICANN.  Unless the Court grants emergency relief as requested by Plaintiff, Plaintiff will be irreparably harmed as its application to ICANN will be substantially delayed and unduly subject to expensive and dilatory string contention procedures.

49.     Unless Big Room is ordered to withdraw its petition to cancel and the court enjoins Big Room from continuing to market its proposed services in the United States in a manner that blatantly infringes on Plaintiff's rights, Plaintiff will continue to suffer irreparable injury and Plaintiff's business plans will be significantly delayed and made much more expensive.

50.     Big Room's conduct before the TTAB is designed to disrupt Plaintiff's ongoing business activities since 2008.

51.     Big Room has been progressively encroaching on Plaintiff's rights, and has now taken calculated steps to delay Plaintiff's application by attempting to create a "cloud" over Plaintiff's rights when it knows full well that no such cloud exists.  Indeed, it has itself tried to register with the USPTO the same mark as Plaintiff for identical and highly related services, then (failing that) has attempted to license Plaintiff's rights.  Since that offer was rejected, it has refused to substantively respond or engage in dialogue with Plaintiff's counsel when it received a formal demand notice and invitation to discuss the matter.  And now Big Room is asserting before the USPTO that Plaintiff's mark is generic for the very same mark and services that Big Room has repeatedly claimed trademark rights and sought a license from Plaintiff.

52.     Big Room's application to ICANN to operate a new TLD, which would infringe Plaintiff's clear and valid trademark rights, is a willful act of infringement.  Big Room's claim that the mark is generic, even though it has repeatedly tried to secure trademark rights in the same mark via both registration and license, is inequitable and bad faith conduct that must be enjoined immediately so as to prevent further irreparable harm to Plaintiff, its mark, and its

1  business.

2          53.     At this time, Big Room's domain *doteco.info* is being used to re-direct to the

3  *doteco.org* domain name, where Big Room advertises under Plaintiff's mark, a "CALL TO

4  ACTION" for support to render identical or highly related services as covered by Plaintiff's

5  federal registration by April 12.

6          54.     Defendant Big Room has no legal basis for seeking to interfere with Plaintiff's

7  rights in the United States, nor for continuing to ramp up its infringing activities to a level that

8  unless immediately restrained, will continue to cause irreparable injury to Plaintiff and the

9  public.

10         55.     Therefore, unless enjoined and restrained from such further wrongful acts with

11 respect to its application to ICANN, and required to withdraw the petition before the TTAB,

12 Plaintiff will suffer further irreparable injury on an exacerbated basis.

13                         DOTECO'S WILLFUL INFRINGEMENT

14         56.     DotEco LLC intends to operate a new TLD ".eco" domain name registry in a

15 manner that infringes on Plaintiff's trademark rights.

16         57.     After Plaintiff's Priority Filing Date, DotEco LLC was organized in California to

17 operate and promote ".eco" as a new TLD in a manner that is identical and/or highly related to

18 the services covered by the '170 registration.

19         58.     On or about January 4, 2010, DotEco LLC had filed a petition for cancellation in

20 the TTAB against Plaintiff's '170 registration on the grounds that the mark was not in use on

21 goods and services claimed by Plaintiff.

22         59.      DotEco LLC asserted that delay in the TTAB proceeding was prejudicial because

23 the '170 registration would interfere with DotEco LLC's ability to apply for .eco as a new TLD.

24         60.     Ultimately, DotEco LLC could not prove its unfounded claims, and at Plaintiff's

25 behest the petition to cancel was dismissed by the TTAB in December, 2011.

26         61.      Any further delay in restraining and enjoining DotEco LLC from blatantly

27 disregarding Plaintiff's federally protected trademark interest in its mark .ECO® and seeking to

28

move forward with its plan to apply to operate a new .eco TLD in a manner that violates Plaintiff's trademark rights will cause irreparable injury to Plaintiff.  Indeed, DotEco LLC itself conceded as much when it asserted a similar position to the TTAB before backing down when faced with numerous affidavits from a wide number of Plaintiff's customers that in fact, the mark .ECO® has been used in commerce since 2008.

62.     On January 11, 2012, Plaintiff, through counsel, sent a letter to DotEco LLC requesting assurances by no later than January 16, 2011 that it would cease its plans to apply to operate a .ECO TLD in a manner that inevitably would infringe on Plaintiff's federally protected trademark rights in the United States.  A true and correct copy of January 11, 2012 letter to DotEco LLC is attached hereto as Exhibit D.

63.     DotEco LLC ignored the request for adequate assurances, implying it intends to proceed as originally planned, and has in fact continued to infringe on the '170 registration in U.S. commerce by using marks that are essentially replicas of the .ECO® mark in connection with providing online information--specific information as requested by customers via the Internet--one of the services expressly covered by the '170 registration.

64.     Furthermore, the marks are used to re-direct the same target audience as Plaintiff's customer-base to Minds and Machines, a company under much the same ownership as DotEco LLC, which offers domain services highly related to those domain-related services covered by Plaintiff's '170 registration, and which are the subject of Plaintiff's pending application to ICANN.

65.     DotEco LLC uses infringing domains of Defendant Krueger, its co-founder and CEO, to engage in the infringing activities and to re-direct traffic to a competitive site.  This is likely to cause confusion in the marketplace, because Plaintiff's customers are likely to mistakenly believe that Plaintiff is somehow affiliated with DotEco LLC, or that the DotEco LLC services originate with Plaintiff, when in fact they do not.

66.     DotEco LLC is causing confusion in the marketplace by using Plaintiff's registered marks for services described in the '170 registration.  Notwithstanding Plaintiff's

repeated requests to cease and desist, DotEco LLC continues to infringe. DotEco LLC renders informational services related to the same target audience as Plaintiff to diverge their attention to its competitive services.

67.     By sharing information with the same target audience as Plaintiff under a replica of Plaintiff's mark, DotEco LLC is causing confusion by making people think that the information originates with, is sponsored by, or being rendered with Plaintiff's permission or approval, when that is not the case.

68.     Similarly, on popular internet sites such as YouTube and Facebook, DotEco LLC continues to use both Plaintiff's mark, and substantially indistinguishable variations, to offer internet users an opportunity to subscribe to information offered over the Internet through videos -- again a direct infringement of Plaintiff's rights.

69.     Thus, Plaintiff is suffering irreparable injury to its mark and to its business.

70.     If DotEco LLC moves forward with its application to ICANN, then Plaintiff's business plans will be delayed significantly while confusion increases in the marketplace, irreparably damaging Plaintiff and causing detriment to the public.

71.     Because DotEco LLC has provided no assurance that it intends to cease its infringing activities, the situation has become dire as investor information in February 2012 indicated DotEco LLC plans to move forward. Plaintiff has suffered, and will suffer irreparable injury imminently if the Court does not restrain the expanding infringement activities of DotEco LLC.

## DEFENDANT FRED KRUEGER'S WILLFUL INFRINGEMENT

72.     Mr. Krueger co-founded DotEco LLC on or about August 11, 2008, and is its sole member. He is also its Chief Executive Officer and Registered Agent.

73.     On information and belief, Mr. Krueger is the moving conscious force behind all of the infringing activities of DotEco LLC, personally directing all of its acts and omissions.

74.     In fact, he has in bad-faith registered domain names, such as supporteco.com, that are confusingly similar to Plaintiff's mark, with bad-faith intent to profit from such domains by

misdirecting traffic to Plaintiff's competitors, and using the domain names on websites that offer the same services as Plaintiff under substantially identical marks.

75.     Defendant Krueger registered supportdoteco.com and supportdoteco.org ("Krueger Domain Names"), confusingly similar to Plaintiff's mark .ECO® in bad faith and subsequent to the Priority Filing Date of Plaintiff.   Even after abandoning his LLC's efforts to cancel Plaintiff's mark upon Plaintiff providing evidence of use, Defendant Krueger has continued to use the domain names in bad faith intent to profit from them, and continues to run a California company under a trade name that is substantially identical to Plaintiff's registered trademark, and that uses replica marks to offer services in U.S. commerce that are protected by Plaintiff's federal trademark registration.

76.     Unless restrained and enjoined, Defendant Krueger will continue to cause DotEco LLC to use infringing marks and to use his domain names to misdirect Internet users to a competitive website.  In 2011, the landing page for *supportdoteco.com* prominently featured Plaintiff's mark, causing a likelihood of confusion.  Currently, Defendant Krueger and/or Defendant DotEco LLC have caused this domain name to be "masked" with privacy services to conceal the identity of the true registrant.  Defendant Krueger has also registered  the domain name *supportdoteco.org* in bad faith, further putting Plaintiff's mark in imminent jeopardy.

77.     Krueger is causing irreparable injury to Plaintiff unless the Court immediately intervenes.  Mr. Krueger is the moving conscious force behind the blatantly infringing activities of DotEco LLC, and was the recipient of the cease and desist letter that he totally disregarded without providing any substantive response.

78.     If Mr. Krueger causes DotEco LLC to move forward with its plans, then Plaintiff's business plans will be delayed significantly, and made extremely more expensive, while confusion increases in the marketplace.

79.     Because Mr. Krueger has provided no adequate assurance that he intends to stop using DotEco LLC for infringing activities, the situation has become dire.  Plaintiff has suffered, and will suffer irreparable injury imminently if the Court does not restrain Mr. Krueger.

# FIRST CAUSE OF ACTION

### *Trademark Infringement Under § 1114(1)*

80.     Plaintiff realleges and incorporates by reference each of the aforesaid allegations of this Complaint as though fully set forth here.

81.     Defendants' use in commerce of Plaintiff's .ECO® registered mark and variations thereof is likely to cause confusion, mistake, or to deceive.

82.     Defendants' use in commerce of the Big Room Domain Name and/or Krueger Domain Names, respectively, is likely to cause confusion, mistake, or to deceive.

83.     Defendants' use in commerce of the marks .ECO and DOT ECO is likely to cause confusion, mistake, or to deceive.

84.     The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Plaintiff to relief.

85.     Defendants have unfairly profited from the infringing actions alleged herein.

86.     By reason of Defendants' acts, Plaintiff has suffered damages to the goodwill associated with its federally registered mark .ECO®.

87.     Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and Plaintiff's federally registered mark .ECO®.

88.     Defendants' activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake, and deception.

89.     By reason of Defendants' acts, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants.  Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

90.     By reason of Defendants' willful acts, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants.  Accordingly, Plaintiff is entitled to a temporary restraining order, and to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

1   91.   By reason of Defendants' willful acts, Plaintiff is entitled to damages, and that

2   those damages be trebled under 15 U.S.C. § 1117.

3   92.   This is an exceptional case making Plaintiff eligible for an award of attorneys'

4   fees under 15 U.S.C. § 1117.

5   <u>**SECOND CAUSE OF ACTION**</u>

6   ***Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a)***

7   93.   Plaintiff realleges and incorporates by reference each of the aforesaid allegations

8   of this Complaint as though fully set forth here.

9   94.   Defendants' use in commerce of Plaintiff's mark .ECO® and variations thereof,

10  the infringing trade name DotEco LLC and/or infringing Big Room Domain Name and/or

11  Krueger Domain Names, and the marks .ECO and DOT ECO is likely to cause confusion, or to

12  cause mistake, or to deceive the relevant public that such designations, and/or name, and/or

13  domain name(s), and/or mark(s) are authorized, sponsored, or approved by, or are affiliated with

14  Plaintiff.

15  95.   Defendants' use of Plaintiff's mark and variations thereof and the infringing trade

16  name, and/or designations, and/or domain name(s), is likely to cause confusion among the

17  general public.

18  96.   The above-described acts of Defendants constitute trademark and/or trade name

19  infringement of Plaintiff's mark .ECO and false designations of origin in violation of 15 U.S.C. §

20  1125(a), entitling Plaintiff to relief.

21  97.   Defendants have unfairly profited from the actions alleged.

22  98.   By reason of Defendants' acts alleged herein, Plaintiff has suffered damage to the

23  goodwill associated with Plaintiff and its mark .ECO.

24  99.   Defendants' activities have irreparably harmed and, if not enjoined, will continue

25  to irreparably harm the general public, which has an interest in being free from confusion,

26  mistake, and deception.

27  100.   By reason of Defendants' acts alleged herein, Plaintiff's remedy at law is not

28

1  adequate to compensate it for the injuries inflicted by Defendants.  Accordingly, Plaintiff is

2  entitled to a temporary restraining order, and to preliminary and permanent injunctive relief

3  pursuant to 15 U.S.C. § 1116.

4        101.    By reason of Defendants' willful acts, Plaintiff is entitled to damages, and that

5  those damages be trebled, under 15 U.S.C. § 1117.

6        102.    This is an exceptional case making Plaintiff eligible for an award of attorneys'

7  fees under 15 U.S.C. § 1117.

8  **THIRD CAUSE OF ACTION**

9  ***Counterfeiting Under 15 U.S.C. § 1114(1)***

10        103.    Plaintiff realleges and incorporates by reference each of the aforesaid allegations

11  of this Complaint as though fully set forth here.

12        104.    Defendants' use in commerce of Plaintiff's .ECO registered mark and

13  substantially indistinguishable variations thereof is likely to cause confusion, mistake, or to

14  deceive.

15        105.    Defendants' use in commerce of the marks .ECO and DOT ECO is likely to cause

16  confusion, mistake, or to deceive.

17        106.    The Big Room Domains and Krueger Domain Names are substantially

18  indistinguishable, and thus counterfeits of, Plaintiff's .ECO registered mark, and use in

19  commerce of the Big Room Domain Names and Krueger Domains is likely to cause confusion,

20  mistake, or to deceive.

21        107.    The above-described acts of Defendants constitute counterfeiting in violation of

22  15 U.S.C. § 1114(1), entitling Plaintiff to relief.

23        108.    Defendants have unfairly profited from the infringing actions alleged herein.

24        109.    By reason of Defendants' acts, Plaintiff has suffered damage to the goodwill

25  associated with Plaintiff's .ECO mark.

26        110.    Defendants' activities have irreparably harmed and, if not enjoined, will continue

27  to irreparably harm Plaintiff and its federally registered .ECO mark.

28

111.    By reason of Defendants' acts, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants.  Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

112.    By reason of Defendants' use of the counterfeit marks and domain names alleged herein, Plaintiff is entitled to recover Defendants' profits, actual damages, and the costs of this action under 15 U.S.C. § 1117.  Alternatively, by reason of Defendants' willful use of the counterfeit marks, Plaintiff is entitled to recover statutory damages under 15 U.S.C. § 1117, on election by Plaintiff, in an amount of up to $2,000,000 for each counterfeit mark and domain name per type of service rendered or offered.

113.    This is an exceptional case making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### FOURTH CAUSE OF ACTION

### *Cybersquatting Under 15 U.S.C. § 1125(d)*

114.    Plaintiff realleges and incorporates by reference each of the aforesaid allegations of this Complaint as though fully set forth here.

115.    Defendants registered, trafficked in, and/or used the Big Room Domain Name and/or the Krueger Domain Names with a bad-faith intent to profit from Plaintiff's registered mark .ECO®.

116.    The Big Room Domain Name and Krueger Domain Names are confusingly similar to Plaintiff's registered .ECO® mark.

117.    Defendants have no intellectual property rights or any other right in Plaintiff's .ECO® mark in the United States.

118.    Defendants' registration, use, and/or trafficking in the Big Room Domain Name and/or Krueger Domain Names constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Plaintiff to relief.

119.    By reason of Defendants' acts alleged herein, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants.  Accordingly, Plaintiff is

1    entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

2       120.    By reason of Defendants' acts alleged herein, Plaintiff is entitled to recover

3    Defendants' profits, actual damages, and the costs of the action, or statutory damages under 15

4    U.S.C. § 1117 on election by Plaintiff, in an amount of up to $100,000 for each domain name

5    found to constitute cybersquatting.

6       121.    This is an exceptional case making Plaintiff eligible for an award of attorneys'

7    fees under 15 U.S.C. § 1117.

8       **FIFTH CAUSE OF ACTION**

9       ***Unfair Competition Under Cal. Bus. & Prof. Code § 17200***

10       122.    Plaintiff realleges and incorporates by reference each of the aforesaid allegations

11    of this Complaint as though fully set forth here.

12       123.    Defendants' acts, as described in this Complaint, are unlawful, unfair, and/or

13    fraudulent, and have caused damage to Plaintiff and injury its business, in violation of Section

14    17200 of the California Business and Professions Code.

15       124.    As a result of Defenants' past and continuing wrongful acts, Plaintiff has incurred

16    damages in an amount to be determined, including ongoing and irreparable damage to its .ECO

17    mark.

18       **SIXTH CAUSE OF ACTION**

19       ***Federal Common Law Unfair Competition***

20       125.    Plaintiff realleges and incorporates by reference each of the aforesaid allegations

21    of this Complaint as though fully set forth here.

22       126.    Defendants have and continue to unfairly compete with Plaintiff by use of the

23    infringing trade name DotEco LLC and/or infringing Big Room Domain Name and/or Krueger

24    Domain Names, and the marks .ECO and DOTECO, with the intent to trade off the goodwill of

25    Plaintiff's mark.

26       127.    Defendants continued wrongful use of the aforesaid trade name, marks,

27    designations, and domain names will cause damage to Plaintiff by continuing unfairly to

28

RODENBAUGH LAW            PLANET.ECO LLC'S COMPLAINT
548 Market Street                -19-            Case No. _____
San Francisco, CA 94104

1   compete with Plaintiff.

2        128.    As a result of Defendants' past and continued wrongful acts, Plaintiff has incurred

3   damages, including ongoing damage to its mark.

4   **REQUEST FOR RELIEF**

5        Therefore, Plaintiff respectfully requests judgment as follows:

6        1.    That a temporary restraining order and preliminary injunction be entered,

7   enjoining Defendants, their agents, representatives, employees, assigns and suppliers, and all

8   persons acting in concert or privity with Defendants, from engaging in any of the following

9   activities:

10       a.  Destroying, altering, secreting, transferring, or otherwise disposing of any

11  records of their business activities with respect to any .ECO and/or DOTECO and/or confusingly

12  similar trademark(s) or domain name(s), whether on paper, in electronic format, or on any other

13  medium, and including without limitation all accounting records and all logs or other documents

14  relating to selecting, registering, trafficking in, monetizing, releasing, assigning, renewing,

15  deleting, transferring, using, or maintaining any such trademark(s) and/or domain name(s),

16  and shall instead take all affirmative steps necessary to capture and preserve all such records,

17  whether by copying, collection, backup, or otherwise, either on paper, or in readily accessible

18  electronic format;

19       b.  Registering, trafficking in, and using, in any manner, any .ECO and/or

20  DOTECO and/or confusingly similar trademarks(s) and/or domain name(s);

21       c.  Transferring, releasing, deleting, and assigning any .ECO and/or DOTECO

22  and/or confusingly similar trademarks(s) and/or domain name(s);

23       d.  Engaging in trademark infringement, trade name infringement, counterfeiting,

24  unfair competition, false designation of origin, passing off, and false advertising against Plaintiff

25  or misappropriation of Plaintiff's trademark rights; and

26       e.  Assisting, aiding, or abetting any other person or business entity in engaging in

27  or performing any of the activities referred to in subparagraphs (a) through (e) above.

28

2.  That Plaintiff shall serve this Order on Public Internet Registry (domain name registry for .org TLD) and VeriSign, Inc. (domain name registry for .com), along with a list of the respective domain names contained in the Plaintiff's Complaint which Plaintiff alleges infringe Plaintiff's trademark and which are currently owned by Defendants.  Public Internet Registry and VeriSign shall thereafter "lock" such domain names to prevent their transfer or deletion by Defendants, and shall deposit with the Court documents sufficient to establish the Court's control and authority regarding the disposition of the registration and use of the domain names pending the outcome of this case, and shall remove such domain names from its zone files so the names no longer resolve to active websites.

3.  That Defendants' immediately cease and desist from filing any further application documentation with ICANN to register any ".eco" TLD, and immediately withdraw any and all such previously filed application documents via ICANN's TAS online interface.

4.  That the United States Trademark Trial and Appeal Board enter an order requiring Defendant Big Room to expressly withdraw its petition to cancel Plaintiff's .ECO® mark with prejudice.

5. That the Court enter a final judgment that Defendants have:

a.  violated Plaintiff's rights in Plaintiff's .ECO mark in violation of 15 U.S.C. § 1125(d);

b.  violated Plaintiff's rights in Plaintiff's .ECO mark in violation of 15 U.S.C. § 1114(1);

c.  violated Plaintiff's rights in Plaintiff's .ECO mark in violation of 15 U.S.C. § 1125(a);

d.  violated Plaintiff's rights in Plaintiff's .ECO mark in violation of in violation of Section 17200 of the California Business and Professions Code. and the federal common law.

5. And that the Court enter a Final Judgment:

a. Permanently enjoining Defendants, their agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with Defendants, from

1  engaging in the activities described in Paragraphs l, 2 and 3, above;

2          b. Ordering Defendants to transfer the Big Room Domain Name, the Krueger

3  Domain Names, and any other domain name(s) that they own or control, directly or indirectly, or

4  that was registered at their direction, request, or instruction, that are confusingly similar to

5  Plaintiff's .ECO® registered mark to Plaintiff;

6          c. Ordering Defendants to engage in corrective advertising at their own expense to

7  the extent necessary to correct any consumer confusion or misperceptions resulting from

8  Defendants' unlawful acts complained of above;

9          d. Ordering Defendants to account to Plaintiff for, and disgorge, all profits they

10  have derived by reason of the unlawful acts complained of above;

11          e. Ordering Defendants to pay treble damages;

12          f. Ordering Defendants to pay statutory damages in an amount up to $2,000,000

13  for counterfeiting of the Plaintiff's .ECO® registered mark;

14          g. Ordering Defendants to pay statutory damages in an amount of up to $100,000

15  for each domain name found to constitute cybersquatting;

16          h. Ordering Defendants to pay Plaintiff's reasonable attorney fees, prejudgment

17  interest, and costs of this action;

18          i. Ordering Defendants to file with the Court and serve upon Plaintiff a written

19  report under oath setting forth in detail the manner and form in which Defendants have complied

20  with the injunction and judgment within thirty (30) days after the service of the injunction and

21  judgment upon Defendants;

22          j. Ordering Defendants to pay punitive damages in an amount to be determined,

23  based upon the foregoing acts of Defendants;

24          k. Declaring Plaintiff's trademark registration for .ECO valid; and

25          l. Granting Plaintiff such other relief as the Court may deem appropriate.

26

27

28

RODENBAUGH LAW                                    PLANET.ECO LLC'S COMPLAINT
548 Market Street                                Case No. _____
San Francisco, CA 94104

-22-

1

## DEMAND FOR JURY TRIAL

2

Plaintiff respectfully requests that this case be decided by a jury

3

4

DATED: 2 March 2012                                    Respectfully submitted,

5

6

7

By: _____

8

Michael Rodenbaugh
RODENBAUGH LAW

9

548 Market Street
San Francisco, CA 94104

10

(415) 738-8087 tel/fax

11

info@rodenbaugh.com

12

OF COUNSEL
Jonathan Matkowsky

13

Matkowsky Law P.C.

14

375 Park Avenue Suite 2607
New York, New York 10152

15

*Pro Hac Vice Pending*
Tel: 347-514-9988; Fax: 344-514-9900

16

jonathan@matkowsky.com

17

Attorneys for Plaintiff PLANET.ECO LLC

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# .eco

**Reg. No. 3,716,170**
Registered Nov. 24, 2009

**Int. Cl.: 42**

**SERVICE MARK**
**PRINCIPAL REGISTER**

COLORED PLANET CONNEXION (CONNECTICUT CORPORATION), DBA COLORED
PLANET,
40 STIMSON RD
NEW HAVEN, CT 06511

FOR: DESIGN, CREATION, HOSTING AND MAINTENANCE OF INTERNET SITES FOR
THIRD PARTIES; HOSTING OF DIGITAL CONTENT ON THE INTERNET; PROVIDING
SPECIFIC INFORMATION AS REQUESTED BY CUSTOMERS VIA THE INTERNET, IN
CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 12-2-2008; IN COMMERCE 9-18-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-452,991, FILED 4-20-2008.

ALICE BENMAMAN, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*

EXHIBIT B



**United States Patent and Trademark Office**



Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Assignments on the Web > Trademark Query

# Trademark Assignment Abstract of Title

### Total Assignments: 2

**Serial #:** 77452991         **Filing Dt:** 04/20/2008         **Reg #:** 3716170         **Reg. Dt:** 11/24/2009

**Registrant:** Colored Planet Connexion

**Mark:** .ECO

### Assignment: 1

**Reel/Frame:** 4715/0630         **Received:** 02/07/2012         **Recorded:** 01/29/2012         **Pages:** 2

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** BOONE, MOSES
                                             **Exec Dt:** 01/29/2012
       **Entity Type:** INDIVIDUAL
       **Citizenship:** UNITED STATES

**Assignee:** PLANET.ECO LLC
       **Entity Type:** LIMITED LIABILITY COMPANY

**Composed of:**
 COMPOSED OF JEAN WILLIAM, CEO MOSES BOONE, PRES.
       **Citizenship:** UNITED STATES

45 WEST NORTH ST
STAMFORD, CONNECTICUT 06902

**Correspondent:** COLORED PLANET CONNEXION
40 STIMSON RD
NEW HAVEN, CONNECTICUT 06511

### Assignment: 2

**Reel/Frame:** 4716/0715         **Received:** 02/10/2012         **Recorded:** 01/29/2012         **Pages:** 2

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** BOONE, MOSES
       **Exec Dt:** 01/29/2012
       **Entity Type:** INDIVIDUAL
       **Citizenship:** UNITED STATES

**Assignee:** PLANET.ECO LLC
       **Entity Type:** LIMITED LIABILITY COMPANY

**Composed of:**
 COMPOSED OF JEAN WILLIAM, CEO MOSES BOONE PRES.
       **Citizenship:** CONNECTICUT

45 WEST NORTH ST
STAMFORD, CONNECTICUT 06902

**Correspondent:** COLORED PLANET CONNEXION
40 STIMSON RD
NEW HAEN, CONNECTICUT 06511

Search Results as of: 02/21/2012 06:58 PM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.3
Web interface last modified: Dec 1, 2011 v.2.3

| .HOME | INDEX | SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT |

EXHIBIT C



Rodenbaugh
LAW

January 11, 2012

Mr. Jacob Malthouse
Mr. Trevor Bowden
Big Room Inc.
332 - 237 Keefer Street
Vancouver, B.C.  V6A 1X6
CANADA

Re:      Infringement of .ECO trademark.

Dear Sirs,

My firm represents Planet .ECO LLC.  Two of the principals in that entity, Moses Boone
and Jean William, recently have had discussions with you regarding their .ECO business
and trademark rights, and their plans to apply to ICANN to own and operate the .ECO
gTLD registry.  Mr. Boone previously has had discussions with Big Room regarding
these same issues, resulting in Mr. Boone's request for Big Room to cease and desist
from further efforts towards an ICANN application for the .ECO TLD.  That notice was
provided XXDATEXX.  Therefore, my clients are alarmed that not only has Big Room
essentially ignored that notice, but also the recent discussions still have led only to Big
Room's offer to license my client's trademark rights perpetually, for the paltry sum of
$15,000.

As you know, my client has established an ongoing business in the United States since
2008, using the .ECO mark in commerce as stated in U.S. Principal Registration No.
3716170.  That business is intended to include domain registration activities.  Big
Room's continuing intention to operate a .ECO TLD in the United States is therefore a
clear and present threat to my client's business plans and trademark rights.  In hopes of
avoiding a more substantial legal conflict, my client may be interested in more substantial
business discussions with Big Room.  Regardless, my client intends to carry forward with
its business plans, and to enforce its trademark rights pursuant to U.S. law.  My client
reserves all rights with respect to this matter, and Big Room is hereby notified of its duty
to preserve all evidence pertaining to its discussions with my client, pertaining to Big
Room's intentions to operate a .ECO TLD, pertaining to any .ECO trademark issue
whatsoever, and otherwise potentially pertaining to this matter in the event it proceeds to
litigation.

We certainly hope to avoid that, but my client remains dismayed by Big Room's pattern
of disrespectful behavior with respect to my client's prior rights in commerce.  Therefore,
we must respectfully request that Big Room and any affiliates, directors, officers,
employees or others acting in concert with Big Room, immediately cease and desist from
any new activities in furtherance of Big Room's stated intention to apply to ICANN to



operate a .ECO TLD, or any confusingly similar TLD.  Big Room seemingly has ignored a similar notice from my client provided November 9, 2009.  Therefore, Big Room's activities since then and in the future may be deemed willful infringement of my client's trademark and other legal rights.  Such a finding could lead to at least the following remedies from a U.S. court:  the imposition of an injunction preventing any future infringement, a substantial damages award, and an award of my client's attorneys' fees and costs.

Please let me know if you have any questions.  Otherwise we request your assurances no later than January 16, 2011, that Big Room will comply with this demand.

Sincerely,

*Mike Rodenbaugh*
California State Bar No. 179059

EXHIBIT D



### Rodenbaugh
LAW

January 11, 2012

Mr. Fred Krueger
Doteco LLC
3100 Donald Douglas Loop N., Hangar 7
Santa Monica, CA 90405

Re:    Infringement of .ECO trademark.

Dear Fred,

My firm represents Planet .ECO LLC.  One of the principals in that entity, Moses Boone, has previously corresponded with you regarding his .ECO business and trademark rights, and his team's plans to apply to ICANN to own and operate the .ECO gTLD registry.  Those discussions resulted in Mr. Boone 's request for Doteco to cease and desist from further efforts towards an ICANN application for the .ECO TLD.  That notice was provided November 9, 2009.  Therefore, my clients are alarmed that not only has Doteco essentially ignored that notice, but also petitioned to cancel my client's trademark registration in January, 2010, without any basis in fact or law for such petition.  As you know, that petition was dismissed this week by the Trademark Trial & Appeal Board, for your failure to prosecute the baseless claims stated in the petition.

As you know, my client has established an ongoing business in the United States since 2008, using the .ECO mark in commerce as stated in U.S. Principal Registration No. 3716170.  That business is intended to include domain registration activities.  If Doteco LLC continues to intend to operate a .ECO TLD in the United States, this would constitute a clear and present threat to my client's business plans and trademark rights.  My client intends to carry forward with its business plans, and to enforce its trademark rights.  My client reserves all rights with respect to this matter, and Doteco LLC is hereby notified of its duty to preserve all evidence pertaining to its discussions with my client, pertaining to Doteco LLC's or any affiliate's intentions to operate a .ECO TLD, pertaining to any .ECO trademark issue whatsoever, and otherwise potentially pertaining to this matter in the event it proceeds to litigation.

We certainly hope to avoid that, but my client remains dismayed by Doteco's pattern of disrespectful behavior with respect to my client's trademark rights.  Therefore, we must respectfully request that Doteco LLC and any affiliates, directors, officers, employees or others acting in concert with Doteco LLC, immediately cease and desist from any new activities in furtherance of Doteco LLC's stated intention to apply to ICANN to operate a .ECO TLD, or any confusingly similar TLD.  Doteco LLC has ignored a similar notice from my client provided November 9, 2009 and has exacerbated the situation via its baseless TTAB petition to cancel.  Therefore, Doteco LLC's activities since then and in the future may be deemed willful infringement of my client's trademark and other legal



rights.  Such a finding could lead to at least the following remedies from a U.S. court:  the imposition of an injunction preventing any future infringement, a substantial damages award, and an award of my client's attorneys' fees and costs.

Please let me know if you have any questions.  Otherwise we request your assurances no later than January 16, 2011, that Doteco LLC will comply with this demand.

Sincerely,

*Mike Rodenbaugh*
California Bar No. 179059

Michael L. Rodenbaugh

RODENBAUGH LAW

548 Market Street, San Francisco, CA  94104

(415) 738-8087 phone/fax
info@rodenbaugh.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANET.ECO, LLC, a Connecticut limited liability company <br><br> PLAINTIFF(S) <br><br> v. <br><br> BIG ROOM, INC., a Canadian corporation, <br><br> DOTECO LLC, a California limited liability company, and FREDERICK R. KRUEGER, an individual. <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV 12  18/2-RA (PLA)** <br><br><br> **SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Mike Rodenbaugh_____, whose address is _548 Market Street, San Francisco, CA  94104_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _March 2, 2012_____          By: _____
                                                          Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                   **SUMMONS**

Michael L. Rodenbaugh

RODENBAUGH LAW

548 Market Street, San Francisco, CA  94104

(415) 738-8087 phone/fax
info@rodenbaugh.com

---

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANET.ECO, LLC, a Connecticut limited liability company | CASE NUMBER |
| PLAINTIFF(S) | CV12  18/2-PA (PLA) |
| v. | |
| BIG ROOM, INC., a Canadian corporation, | |
| DOTECO LLC, a California limited liability company, and FREDERICK R. KRUEGER, an individual. | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Mike Rodenbaugh_____, whose address is _548 Market Street, San Francisco, CA  94104_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: March 2, 2012                         By: _____MARILYN DAVIS_____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself □) | **DEFENDANTS** |
|---|---|
| PLANET.ECO, LLC, a Connecticut limited liability company | BIG ROOM, INC., a Canadian corporation,<br><br>DOTECO LLC, a California limited liability company, and FREDERICK R. KRUEGER, individually |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Michael L. Rodenbaugh, RODENBAUGH LAW, 548 Market Street, San Francisco, CA 94104, (415) 738-8087 phone/fax | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant  □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify):  □ 6 Multi-District Litigation  □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes  ☑ No  ☑ **MONEY DEMANDED IN COMPLAINT: $** $2M/counterfeit;$100k/domain

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1114; 15 U.S.C., § 1125; 15 U.S.C. § 1125(D); CAL. BUS. & PROF. CODE § 17200: Trademark Infringement; Trade Name Infringement; Cybersquatting;

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | | | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities/ Exchange | | | □ 442 Employment | | ☑ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 362 Personal Injury-Med Malpractice | □ 443 Housing/Acco-mmodations | □ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| | □ 190 Other Contract | □ 365 Personal Injury-Product Liability | □ 444 Welfare | | □ 861 HIA (1395ff) |
| □ 890 Other Statutory Actions | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 445 American with Disabilities - Employment | □ 630 Liquor Laws | □ 862 Black Lung (923) |
| □ 891 Agricultural Act | □ 196 Franchise | | | □ 640 R.R. & Truck | □ 863 DIWC/DIWW (405(g)) |
| □ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 864 SSID Title XVI |
| □ 893 Environmental Matters | □ 210 Land Condemnation | □ 462 Naturalization Application | | □ 660 Occupational Safety /Health | □ 865 RSI (405(g)) |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | □ 463 Habeas Corpus-Alien Detainee | □ 440 Other Civil Rights | □ 690 Other | FEDERAL TAX SUITS |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | □ 465 Other Immigration Actions | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 240 Torts to Land | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 245 Tort Product Liability | | | | |
| □ 950 Constitutionality of State Statutes | □ 290 All Other Real Property | | | | |

CV12 1812

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Connecticut | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | Canada<br>Connecticut |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
 **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | Connecticut |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Mike Rabbani_ Date 3/2/2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |