1  VENABLE LLP
   Tamany Vinson Bentz (SBN 258600)
2  Email:    tjbentz@venable.com
   2049 Century Park East, Suite 2100
3  Los Angeles, CA  90067
   Telephone:  (310) 229-9900
4  Facsimile:  (310) 229-9901

5  Janet F. Satterthwaite (pro hac pending)
   Email:    jadunn@venable.com
6         jfsatterthwaite@venable.com
   575 7th Street NW
7  Washington DC 20004
   Telephone:  (202) 344-4000
8  Facsimile:  (202) 344-8300

9  Attorneys for  Doteco LLC and Frederick R. Krueger

10            **UNITED STATES DISTRICT COURT**

11           **CENTRAL DISTRICT OF CALIFORNIA**

12

13

14  Planet .Eco LLC                          CASE NO. CV 12-1812-PA(PCAx)

                        Plaintiff,           Hon. Percy Anderson
15                                           Courtroom
            v.
16                                           **ANSWER AND**
                                             **COUNTERCLAIMS OF**
17  Big Room, Inc., Doteco LLC, and          **DEFENDANTS DOTECO LLC**
    Frederick R. Krueger                     **AND FREDERICK KRUEGER**
18
                        Defendants.          Action Filed:      March 2, 2012
19

20

21        Comes now Defendants Doteco LLC and Frederick R. Krueger (collectively

22  referred to as "Defendants") by and through their undersigned attorneys and

23  answers Plaintiff Planet .Eco LLC's ("Plaintiff") Complaint as follows:

24        1.      Defendants admit that Plaintiff purports to state a claim under the

25  Lanham Act and that 15 U.S.C. § 1121 gives federal courts federal question

26  jurisdiction over claims made under the Lanham Act.  Defendants further admit

27  that 28 U.S.C. §§ 1338(a) and (b) give federal courts federal question jurisdiction

28  over claims arising out of any Act of Congress relating to … trademarks."

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

Defendants further admit that they are subject to personal jurisdiction in the State of California. The remaining allegations contained in this Paragraph of the Complaint are legal conclusions to which no response is required. If a response is required, then Defendants deny the allegations in this Paragraph.

2. The allegations contained in this Paragraph of the Complaint are legal conclusions to which no response is required. If a response is required, then Defendants are without sufficient information to admit or deny the allegations and therefore deny the allegations in this Paragraph.

3. Defendants are without sufficient information to admit or deny the allegations in this Paragraph, of the Complaint, and therefore deny these allegations.

4. Defendants are without sufficient information to admit or deny the allegations in this Paragraph, of the Complaint, and therefore deny these allegations.

5. Defendants admit that DotEco LLC is a California limited liability company with the address indicated, but deny the remaining allegations in this Paragraph.

6. Defendants admit that Fred Kreuger as an individual residing in Malibu. Defendants deny the remaining allegations in this Paragraph.

7. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

8. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

9. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

10. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

11. Defendants are without sufficient information to admit or deny the

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1   allegations set forth in this Paragraph and therefore deny the allegations.

2       12.    Defendants deny each and every allegation contained in this

3   Paragraph of the Complaint.

4       13.    Defendants deny each and every allegation contained in this

5   Paragraph of the Complaint.

6       14.    The allegations contained in this Paragraph of the Complaint are legal

7   conclusions to which no response is required.  If a response is required, then

8   Defendants deny the allegations in this Paragraph.

9       15.    The allegations contained in this Paragraph of the Complaint are legal

10  conclusions to which no response is required.  If a response is required, then

11  Defendants deny the allegations in this Paragraph.

12      16.    Defendants deny that Plaintiff owns rights in the mark .ECO.

13  Defendants are without sufficient information to admit or deny the remaining

14  allegations set forth in this Paragraph, and therefore deny the allegations.

15      17.    The allegations contained in this Paragraph of the Complaint are legal

16  conclusions to which no response is required.  If a response is required, then

17  Defendants are without sufficient information to admit or deny the allegations set

18  forth in this Paragraph and therefore deny the allegations.

19      18.    Defendants deny each and every allegation contained in this

20  Paragraph of the Complaint.

21      19.    Defendants admit that ICANN is a non-profit corporation.

22  Defendants are without sufficient information to admit or deny the remaining

23  allegations set forth in this Paragraph and therefore deny the allegations.

24      20.    Defendants deny each and every allegation contained in this

25  Paragraph of the Complaint.

26      21.    Defendants admit that each TLD has a registry or operator.

27  Defendants deny the remaining allegations set forth in this Paragraph.

28      22.    Defendants admit the allegations contained in this Paragraph of the

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1   Complaint.

2        23.    Defendants admit the allegations contained in this Paragraph of the

3   Complaint.

4        24.    Defendants admit the allegations contained in this Paragraph of the

5   Complaint.

6        25.    Defendants admit that the ICANN Application Guidebook states that

7   when there is more than one qualified application for the same or similar TLD

8   string, all such applications shall be submitted to a string contention procedure.

9   Defendants deny the remaining allegations set forth in this Paragraph of the

10   Complaint.

11        26.    Defendants admit the allegations contained in this Paragraph of the

12   Complaint.

13        27.    Defendants are without sufficient information to either admit or deny

14   the allegations set forth in this Paragraph and therefore deny these allegations.

15        28.    Defendants are without sufficient information to admit or deny the

16   allegations set forth in this Paragraph of the Complaint and therefore deny these

17   allegations.

18        29.    Defendants are without sufficient information to admit or deny the

19   allegations set forth in this Paragraph of the Complaint and therefore deny these

20   allegations.

21        30.    Defendants are without sufficient information to admit or deny the

22   allegations set forth in this Paragraph of the Complaint relating to Plaintiff's use of

23   a new TLD and therefore deny these allegations.  Defendants deny each and every

24   other allegation set forth in this Paragraph of the Complaint.

25        31.    Defendants are without sufficient information to admit or deny the

26   allegations set forth in this Paragraph of the Complaint and therefore deny these

27   allegations.

28        32.    Defendants are without sufficient information to admit or deny the

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1  allegations set forth in this Paragraph of the Complaint and therefore deny these
2  allegations.

3      33.    Defendants are without sufficient information to admit or deny the
4  allegations set forth in this Paragraph of the Complaint and therefore deny these
5  allegations.

6      34.    Defendants are without sufficient information to admit or deny the
7  allegations set forth in this Paragraph of the Complaint and therefore deny these
8  allegations.

9      35.    Defendants are without sufficient information to admit or deny the
10  allegations set forth in this Paragraph of the Complaint and therefore deny these
11  allegations.

12      36.    Defendants are without sufficient information to admit or deny the
13  allegations set forth in this Paragraph of the Complaint and therefore deny these
14  allegations.

15      37.    Defendants are without sufficient information to admit or deny the
16  allegations set forth in this Paragraph of the Complaint and therefore deny these
17  allegations.

18      38.    Defendants are without sufficient information to admit or deny the
19  allegations set forth in this Paragraph of the Complaint and therefore deny these
20  allegations.

21      39.    Defendants are without sufficient information to admit or deny the
22  allegations set forth in this Paragraph of the Complaint and therefore deny these
23  allegations.

24      40.    Defendants are without sufficient information to admit or deny the
25  allegations set forth in this Paragraph of the Complaint and therefore deny these
26  allegations.

27      41.    Defendants are without sufficient information to admit or deny the
28  allegations set forth in this Paragraph of the Complaint and therefore deny these

allegations.

42.     Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Complaint and therefore deny these allegations.

43.     Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Complaint and therefore deny these allegations.

44.     Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Complaint and therefore deny these allegations.

45.     Defendants admit that Plaintiff submitted certain notarized affidavits to the USPTO.  Defendants are without sufficient information to admit or deny the remaining allegations set forth in this Paragraph of the Complaint and therefore deny these allegations.

46.     Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Complaint and therefore deny these allegations.

47.     Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Complaint and therefore deny these allegations.

48.     Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Complaint and therefore deny these allegations.

49.     Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Complaint and therefore deny these allegations.

50.     Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Complaint and therefore deny these

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

allegations.

51.     Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Complaint and therefore deny these allegations.

52.     Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Complaint and therefore deny these allegations.

53.     Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Complaint and therefore deny these allegations.

54.     The allegations contained in this Paragraph of the Complaint are legal conclusions to which no response is required.  If a response is requirement, then Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Complaint and therefore deny these allegations.

55.     Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Complaint and therefore deny these allegations.

56.     The allegations contained in this Paragraph of the Complaint are legal conclusions to which no response is required.  If a response is requirement, then Defendants deny the allegations set forth in this Paragraph of the Complaint.

57.     Defendants admit that DotEco LLC was organized in California.  The remaining allegations contained in this Paragraph of the Complaint are legal conclusions to which no response is required.  If a response is requirement, then Defendants deny the allegations set forth in this Paragraph of the Complaint.

58.     Defendants admit that on or about January 4, 2010, Doteco filed a petition for cancellation with the TTAB against the '170 registration.  Defendants further admit that in that cancellation proceeding Doteco asserted that the mark was not in use for the goods and services claimed in the registration.  Defendants

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

deny each and every other allegation set forth in this Paragraph of the Complaint.

59.     Defendants admit that Doteco participated in a TTAB proceeding involving the '170 registration and that any filings are public and the best evidence of any representations by Defendant Doteco.  Defendants deny the remaining allegations in Paragraph 59 of the Complaint.

60.     Defendants admit that there was a TTAB proceeding involving the '170 registration and that any filings are public and the best evidence of the proceeding.  Defendants deny the remaining allegations set forth in this Paragraph of the Complaint.

61.     Defendants deny the allegations set forth in this Paragraph of the Complaint.

62.     Defendants admit Plaintiff sent a letter dated January 11, 2012, and that a copy of that letter appears as Exhibit D to the Complaint.  Defendants deny the remaining allegations set forth in this Paragraph of the Complaint.

63.     Defendants deny the allegations set forth in this Paragraph of the Complaint.

64.     Defendants deny the allegations set forth in this Paragraph of the Complaint.

65.     Defendants deny the allegations set forth in this Paragraph of the Complaint.

66.     Defendants deny the allegations set forth in this Paragraph of the Complaint.

67.     Defendants deny the allegations set forth in this Paragraph of the Complaint.

68.     Defendants deny the allegations set forth in this Paragraph of the Complaint.

69.     Defendants deny the allegations set forth in this Paragraph of the Complaint.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

70.     Defendants deny the allegations set forth in this Paragraph of the Complaint.

71.     Defendants deny the allegations set forth in this Paragraph of the Complaint.

72.     Defendants admit that Mr. Krueger is one of Doteco's founding members and is Doteco's registered agent.  Defendants further admit that Doteco was founded on or around August 11, 2008.  Defendants deny each and every other allegation set forth in this Paragraph of the Complaint.

73.     Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

74.     Defendants deny that Mr. Krueger registered supporteco.com.  The remaining allegations contained in this Paragraph of the Complaint are legal conclusions to which no response is required.  If a response is requirement, then Defendants deny the allegations.

75.     Defendants admit that Mr. Krueger registered supportdoteco.com and supportdoteco.org.   The remaining allegations contained in this Paragraph of the Complaint are legal conclusions to which no response is required.  If a response is requirement, then Defendants deny the allegations.

76.     Defendants deny the allegations set forth in this Paragraph of the Complaint.

77.     Defendants deny the allegations set forth in this Paragraph of the Complaint and therefore deny these allegations.

78.     Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Complaint and therefore deny these allegations.

79.     Defendants deny the allegations set forth in this Paragraph of the Complaint and therefore deny these allegations.

80.     Defendants incorporate their responses to the allegations set forth in

ANSWER AND COUNTERCLAIMS OF
DEFENDANTS DOTECO LLC AND FREDERICK KRUEGER

the previous Paragraphs.

81.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

82.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

83.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

84.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

85.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

86.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

87.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

88.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

89.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

90.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

91.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

92.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

93.   Defendants incorporate their responses to the allegations set forth in the previous Paragraphs.

94.   Defendants deny each and every allegation set forth in this Paragraph

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

of the Complaint.

95.    Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

96.    Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

97.    Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

98.    Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

99.    Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

100.    Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

101.    Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

102.    Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

103.    Defendants incorporate their responses to the allegations set forth in the previous Paragraphs.

104.    Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

105.    Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

106.    Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

107.    Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

108.    Defendants deny each and every allegation set forth in this Paragraph

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

of the Complaint.

109.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

110.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

111.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

112.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

113.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

114.   Defendants incorporate their responses to the allegations set forth in the previous Paragraphs.

115.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

116.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

117.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

118.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

119.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

120.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint

121.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

122.   Defendants incorporate their responses to the allegations set forth in

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

the previous Paragraphs.

123.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

124.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

125.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

126.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

127.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

128.   Defendants deny each and every allegation set forth in this Paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### Failure To State A Claim

129.   Plaintiff's claims are barred for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### Laches and Acquiescence

130.   Defendants assert that Plaintiff's claims are barred by the doctrines of laches, acquiescence, waiver and estoppel.

131.   For instance, Plaintiff waited well over two years to bring this action. Plaintiff's principal Moses Boone sent a cease and desist email to Defendant Krueger well over two years ago.  And, Plaintiff's Complaint admits that it knew about the alleged infringing activities of Defendants' co-defendant Big Room since at least 2008.

132.   Plaintiff's delay in bringing this suit is unjustified and inexplicable.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

ANSWER AND COUNTERCLAIMS OF
DEFENDANTS DOTECO LLC AND FREDERICK KRUEGER

133.     Defendants are prejudiced by Plaintiff's delay because, among other things, they invested resources into businesses with the belief that Plaintiff did not intend to pursue its allegations and therefore acquiesced to Defendants actions.

### THIRD AFFIRMATIVE DEFENSE
### No Likelihood of Confusion

134.     Plaintiff's claims are barred in whole or in part because Defendants' proposed activity is not likely to cause confusion, mistake or deception with any alleged rights asserted by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE
### Public Policy

135.     Plaintiff's claims are barred because this Court does not have subject matter jurisdiction or should refuse to exercise subject matter jurisdiction over TLD applications.

136.     ICANN is non-profit organization that that manages the domain name system ("DNS") globally to ensure that each internet address is unique.  A domain name is made up of two elements: before and after the "dot."  The part to the right of the dot, such as "com," "net," or "org" is known as the top-level domain ("TLD").  Only one company can be in charge of a TLD and to do so it much contract with ICANN.  ICANN also runs an accreditation system for registrars.  Through its procedures, ICANN provides a consistent and stable environment for the domain name system, and hence the Internet.

137.     In the coming months, ICANN will allow applicants to register new TLDs.  The application process is extensive and includes contention procedures for entities competing over similar TLDs.

138.     Plaintiff's claims regarding the parties' applications for TLD should be brought before ICANN and utilize ICANN's procedures for resolving such disputes.

### FIFTH AFFIRMATIVE DEFENSE

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1

Generic Mark

2  139.    Plaintiff's claims are barred because Defendant's alleged proposed

3  use of the .eco mark is generic and not an infringing use.

4  140.    Defendants' use of ".eco" as a TLD, is a generic use of the mark.

5  141.    To the extent that the mark .eco is used by Defendants to refer to a

6  TLD the mark is merely descriptive of the registry .eco and, therefore, generic.

7

8  SIXTH AFFIRMATIVE DEFENSE

9  Lacks Secondary Meaning

10  142.        Plaintiff's alleged mark lacks secondary meaning.

11

12  SEVENTH AFFIRMATIVE DEFENSE

13  Non-Infringement

14  143. Defendants have not infringed Plaintiff's alleged trademark under federal or

15  state law.

16  144. Top-level domain extensions are generic and the U.S. Patent and Trademark

17  Office has a specific rule prohibiting TLDs from registration as trademarks.

18  Accordingly, Defendant's alleged intent to run .eco as a TLD is not trademark use

19  and cannot be considered trademark infringement.

20

21  EIGTH AFFIRMATIVE DEFENSE

22  Lacks Standing

23  145.    Plaintiff lacks standing because Plaintiff is not the owner of the

24  alleged mark.

25  NINTH AFFIRMATIVE DEFENSE

26  Fair Use

27  146.    Plaintiff's claims are barred in whole or in part because use of the

28  website supportdoteco.com and supportdoteco.org and Defendants' conduct

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1  including any use, promotion and exploitation of the designation "doteco" is

2  protected by free speech and the First Amendment of the Constitution of the

3  United States of America.

4      147.      Furthermore, Defendants' alleged use of the designation "doteco" is

5  fair use as a designation to describe Defendants' services.

6                      TENTH AFFIRMATIVE DEFENSE

7                          Trademark Misuse

8      148.      Plaintiff's claims are barred in whole or in part because the '170

9  registration is unenforceable due to trademark misuse, in that Plaintiff is

10  attempting to enforce a trademark that it does not own and was improperly

11  registered.

12     149.      Defendants specifically incorporate the allegations plead in the

13  statement of facts in its Counterclaims as if fully plead in and to support this

14  Affirmative Defense.

15                   ELEVENTH AFFIRMATIVE DEFENSE

16                        Reservation of Rights

17     150.      Defendants are informed and believe, and on that basis allege, that

18  there may be certain affirmative defenses available to them, of which they are

19  unaware at this time.  Defendants expressly reserve the right to amend this answer,

20  to add, delete and/or modify affirmative defenses based upon legal theories, facts,

21  and circumstances which may or will be developed through discovery and/or

22  through further legal analysis of Defendants' position in this litigation.

23

24                           **COUNTERCLAIMS**

25  Defendant Doteco LLC ("Doteco") asserts its Counterclaims as follows:

26                              **PARTIES**

27     1.        Counterclaim-Plaintiff Doteco LLC is a California limited liability

28  company with its principal place of business at 3100 Donald Douglas Loop N,

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

Hanger 7, Santa Monica, CA 90405.

2.      Counterclaim-Defendant Planet .Eco LLC ("Planet .Eco") is, upon information and belief, a Connecticut limited liability company, organized and existing under the laws of the State of Connecticut with an office located at 45 West North St., Stamford, CT 06902.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court over Defendant Doteco's Counterclaims is based upon 28 U.S.C. §§ 1331, 1338(b), 1367, 2201, and 2202; and upon Rule 13 of the Federal Rules of Civil Procedure.

4.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## THE CONTROVERSY

5.      Counterclaim-Defendant Planet .Eco sued Counterclaim-Plaintiff Doteco for trademark infringement, unfair competition, and false advertising under the Lanham Act.  Doteco has denied Planet .Eco's allegations and asserted various defenses and affirmative defenses.  Those denials and asserted defenses are incorporated by reference into these counterclaims.

## FRAUDULENT REGISTRATION

6.      On or about April 20, 2008, "Colored Planet Connexion" filed a trademark application for the designation .eco.  This application gave rise to Trademark Registration No. 3716170 ("the '170 registration") for the ".eco" trademark, which is the registration asserted by Planet .Eco in its Complaint against Doteco.

7.      The application listed "Colored Planet Connexion" as the applicant and owner of the mark.

8.      When the application for ".eco" was filed by "Colored Planet Connexion" it could not be an applicant for, or an owner of, a trademark because it was not a legal entity and had not been formed or registered in any state.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

9.      Nevertheless, the application for ".eco" was purportedly signed, under penalty of perjury, by Moses Boone and Trevin Griffin as signatories for "Colored Planet Connexion."  Messers. Boone and Griffin are identified in the trademark application as "signatories" and "co-owners."

10.      By signing the application Messrs. Boone and Griffin were expressly representing to the U.S. Patent and Trademark Office ("USPTO") that Colored Planet Connexion was the true and correct applicant for the ".eco" trademark, and that it was a duly formed and existing Connecticut corporation.

11.      On information and belief, both Moses Boone and Trevin Griffin knew when they signed the application that Colored Planet Connexion was not a legal entity.

12.      Moses Boone thereafter continued to falsely represent that Colored Planet Connexion was the owner of ".eco" a federally registered trademark.

13.      On November 9, 2009, Defendant Frederick Krueger received an email from Moses Boone falsely claiming that his business, Colored Planet Connexion registered ".eco/doteco" as a trademark.  On or around this same time, Moses Boone and or Colored Planet Connexion caused Doteco's Facebook page to be shut down by Facebook by making a false assertion of trademark rights in ".eco/doteco."  Facebook later restored Doteco's Facebook page despite "Colored Planet Connexion's" purported rights.

14.      Only after the aforementioned representation, on November 16, 2009, did Moses Boone filed to register "Colored Planet, Inc." with the Connecticut Secretary of State.  When the application for ".eco" was filed by "Colored Planet Connexion" it could not be an applicant for, or an owner of, a trademark because it was not a legal entity and had not been formed or registered in any state.

15.      On or about January 4, 2010, Doteco filed a petition to cancel the '170 registration because the mark was not in use on good and services claimed in the Statement of Use.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

16.    During the cancellation proceeding, Mr. Boone falsely represented to the USPTO that he is the "sole owner" of the .eco trademark.

17.    On information and belief, in an apparent attempt to paper over and cover-up the fact that the application for registration of .eco had been made in the name of a nonexistent company Mr. Boone (one of the two stated "co-owners") executed a purported assignment of the .eco mark.  Mr. Boone signed as both the assignor ("Colored Planet Connexion; Moses Boone") and assignee ("Planet .Eco LLC; Moses Boone").

18.    The alleged assignment was purportedly signed on February 7, 2012.

19.    But, this purported assignment was recorded with the USPTO on January 29, 2012 -- eight days before the execution date.

20.    Mr. Boone's purported assignment was ineffective, even it had been properly dated.  Upon information and belief, neither Mr. Griffin nor Colored Planet Connexion ever assigned any rights they may have had to the ".eco" mark to Mr. Boone.

## ICANN'S APPLICATION PROCESS

21.    On or about January 11, 2012, counsel for Planet .Eco sent a cease and desist letter to Doteco, in which he demands that Doteco "cease and desist from any new activities in furtherance of Doteco LLC's stated intention to apply to ICANN to operate a .ECO TLD, or any confusingly similar TLD."

22.    ICANN is non-profit organization that manages the domain name system ("DNS") globally to ensure that each internet address is unique.  A domain name is made up of two elements: before and after the "dot."  The part to the right of the dot, such as "com," "net," or "org" is known as the top-level domain ("TLD").  Only one company can be in charge of a TLD and to do so a company contracts with ICANN.  ICANN also runs an accreditation system for registrars.  Through its procedures, ICANN provides a consistent and stable environment for the domain name system, and hence the Internet.

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

23.     In the coming months, ICANN will allow applicants to register new TLDs.  The application process is extensive and includes contention procedures for entities competing over similar TLDs.

24.     Planet .Eco states in its Complaint that it intends to file an application for ".eco" as a TLD.

25.     Planet .Eco's alleged federal trademark rights do not give it the exclusive right to apply to register ".eco" as a TLD.  It is not possible to register a TLD as a federal trademark for domain name registry services.

## COUNTS OF COUNTERCLAIM

## COUNT I

**Cancellation Of U.S. Trademark Registration No. 3716170.**

**Void Ab Initio 15 U.S.C. Section 1015(a)(i)**

26.     Counterclaim-Plaintiff Doteco re-alleges all preceding paragraphs.

27.     "Colored Planet Connexion" was named as the applicant and owner of the .eco mark in the federal trademark registration.

28.     At the time the registration issued, "Colored Planet Connexion" was not a legal entity.  It had not been formed or registered in any state.

29.     Because it was not a legal entity, "Colored Planet Connexion" could not have applied for or been the owner of a federal trademark.

30.     Moses Boone and Trevin Griffin signed the registration application as "signatories" and "co-owners" even though they knew that "Colored Planet Connexion" was not a legal entity.

31.     A trademark registration, such as the registration at issue here for .eco, that results from an application filed in the name of a non-existent entity is void ab initio.  This defect cannot be cured.

32.     Therefore, Counterclaim-Plaintiff Doteco seeks cancellation of the .eco trademark.

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

## COUNT II

### Cancellation of Registration No. 3716170: Abandonment

33.    Counter-claim Plaintiff Doteco re-alleges all preceding paragraphs.

34.    The application for the '170 registration was filed in the name of "Colored Planet Connextion".  The application was signed by Moses Boone and Trevin Griffin as "co-owners."

35.    As a "co-owner" Trevin Griffin asserted some ownership rights over the .eco mark.

36.    On information and belief, the Planet .Eco purports to assert the trademark rights against Doteco that had been purportedly assigned to it by "Colored Planet Connextion; Moses Boone."  Planet .Eco could not have received all rights in the mark because the purported assignor "Colored Planet Connextion" did not exist at the time of the application and the stated co-owners of the nonexisting entity included not only Moses Boone but also Trevin Griffin.

37.    Upon information and belief, Trevin Griffin never assigned any rights in the .eco mark to either Mr. Boone or Planet .Eco.

38.    As such, Mr. Boone could not have assigned all rights, title, or interest in the mark to Planet .Eco because he was, at best, only half owner of the .eco mark.

39.    Thus, any purported assignment to Planet .Eco could not convey all right, title and interest to the alleged .eco mark or to the '170 registration.

40.    Upon further information and belief, Mr. Boone ceased doing any business with Mr. Griffin in 2009.  Thus, there has been no unity of control of the alleged ".eco" mark since Mr. Boone and Mr. Griffin ceased their business relationship.

41.    The ".eco" mark has therefore ceased to have unity of control, and is abandoned.

42.    Alternatively, the ".eco" mark has been assigned without all the

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

goodwill associated with the mark, and is abandoned.

43.     Therefore, Counterclaim-Plaintiff Doteco respectfully seeks cancellation of the ".eco" trademark.

## COUNT III

### Cancellation of Registration No. 3716170: Genericness

44.   Doteco LLC re-alleges all preceding paragraphs.

45.   Plaintiff's alleged mark is generic and should not be afforded trademark protection.  Plaintiff's generic mark is subject to cancellation pursuant to 15 U.S.C. § 1119 and/or should be deemed invalid or not a protectable trademark.

46.   Plaintiff alleges in its Complaint that its services cover acting for the registrar for ".eco" as a TLD, which is a generic use of the mark.

47.   To the extent that the mark .eco is used by Plaintiff to refer to a TLD the mark is merely descriptive of the registry ".eco" and, therefore, generic.

### COUNT IV

### Monopolization Through Use of Purported Trademark Registration

### Sherman Act §2, 15 U.S.C.A. §2

48.   Doteco LLC re-alleges all preceding paragraphs.

49.   Planet .Eco is attempting to monopolize the TLD registration process for the .eco TLD.  Planet .Eco's anti-competitive conduct includes asserting a baseless or fraudulent trademark registration in an attempt to enjoin Doteco from filing an application with ICANN for ".eco" as a TLD.

50.     The Sherman Act §2, 15 U.S.C.A. §2, provides that any person who attempts to monopolize any part of trade or commerce shall be deemed guilty of a felony.

51.     The '170 registration is for use of its mark solely in connection with the "Design, creation, hosting and maintenance of internet sites for third parties; Hosting of digital content on the Internet; Providing specific information as

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

requested by customers via the Internet." These goods and services do not and could not include the registration of .eco as a TLD.

52.     By asserting its purported registration for .eco as a trademark, Planet .Eco is seeking to monopolize use of the mark in connection with any goods and services related to the Internet.

53.     Planet .Eco alleges that it plans on filing an application to operate a domain name registry with ICANN for the ".eco" TLD. Planet .Eco contends that because it intends to register .eco as a TLD, its federal trademark rights preclude Doteco from also filing a TLD application.

54.     Planet .Eco's purported federal trademark registration does not give it the right to register .eco as a TLD, or to exclude any other applicant from competing for .eco as a TLD.

55.     Planet .Eco is attempting to extort a competitive advantage over legitimate commercial enterprises based on its prior '170 registration for other services.

## COUNT V

### Cancellation of '170 Registration Based on False Trademark Registration Under Lanham Act §38, 15 U.S.C.A. §1120

56.     Counterclaim-Plaintiff Doteco LLC re-alleges all preceding paragraphs.

57.     The United States trademark application for the '170 registration was filed in the name of "Colored Planet Connexion".

58.     The United States trademark application for the '170 registration was signed by Moses Boone and Trevin Griffin as "co-owners."

59.     Section 1(a) of the Trademark Act, 15 U.S.C. § 1051 (a), requires that an application based on use in commerce must be filed by the owner of the mark. An application that is not filed by the owner of the mark is void.

60.     "Colored Planet Connexion" did not exist at the time the application

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1  for the '170 registration was filed.  Thus, "Colored Planet Connexion", Moses

2  Boone and Trevin Griffin made a false representation to the United States Patent

3  and Trademark Office in seeking to obtain a registration.

4       61.   "Colored Planet Connexion's" false claim of ownership directly

5  affects the '170 registration as an application cannot be filed by a non-existent

6  entity.

7       62.   "Colored Planet Connexion," Moses Boone, and Trevin Griffin

8  should have withdrawn the '170 registration and filed an application for the .eco

9  mark in the name of the entity using the mark in commerce.  Had they done this,

10  they would not have been able to obtain a federal registration because Doteco

11  would have had priority rights to the ".eco" mark.

## COUNT VI

**Unfair Competition and Unfair Business Practices**

**Under Cal. Bus. & Prof. Code § 17200 *et seq***

17       63.   Counterclaim-Plaintiff Doteco LLC re-alleges all preceding

18  paragraphs.

19       64.   The actions of Counterclaim-Defendant Planet .Eco, as alleged

20  hereinabove, constitute fraudulent or unfair business practices within the meaning

21  of California Business & Professions Code§ 17200.

22       65.   Counterclaim-Defendant Planet .Eco's acts are unlawful within the

23  meaning of California law in that they violate Federal law as set forth above.

24  Planet .Eco's acts are fraudulent and/or deceptive in that they are likely to deceive,

25  mislead and injure Counterclaim-Plaintiff and the general public.

26       66.   Planet .Eco's acts of unfair business practices have caused, and

27  continue to cause, Doteco irreparable injury, loss of reputation and pecuniary

28  damages.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

67.   By reason of the unlawful, unfair or fraudulent business practices of Defendants alleged herein, Counterclaim-Plaintiff has suffered, is suffering, and will continue to suffer, irreparable damage unless Doteco is granted, preliminarily during the pendency of this action, and thereafter permanently, an injunction preventing Defendants from continuing their unlawful, unfair and/or fraudulent business practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Dismiss with prejudice the Complaint against Defendants;

B. Hold that Plaintiff is not entitled to any relief, whether in law or equity or otherwise, from its suit against Defendants;

C. A determination and adjudication of the rights and liabilities of the parties with regard to the .eco mark as they relate to this dispute;

D. Cancellation of U.S. Registration No. 3,716,170.

E. A declaration of non-infringement of U.S. Registration No. 3,716,170.

F. A preliminary and permanent injunction prohibiting Planet .Eco from further vexing conduct or harassment of Doteco LLC and or Fred Krueger;

G. A preliminary and permanent injunction prohibiting Planet .Eco from alleging or claiming the word, designation, standard character mark, or design mark ".eco" infringes upon any trademark right;

H. A preliminary and permanent injunction prohibiting Planet .Eco from alleging or claiming the word, designation, standard character mark, or design mark '.eco" constitutes unfair competition;

I. Punitive damages as permitted by applicable law and or statute;

J. An award of interests, costs, attorneys' fees incurred by Doteco in prosecuting this action, as permitted by applicable law and or statute; and

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1      K.  All other relief to which Doteco is entitled.

2

3                    **DEMAND FOR TRIAL BY JURY**

4          Pursuant to Federal Rule of Civil Procedure 38(b), Doteco hereby demand

5   trial by a jury of twelve (12) on all issues so triable herein.

6

7

8   Dated:  March 22, 2012                    VENABLE LLP

9

10                                    By: /s/Tamany Vinson Bentz
                                          Tamany Vinson Bentz
11                                        Attorneys for Defendants Doteco LLC
                                          and Frederick Krueger
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900