1 | Theresa J. Macellaro (147866)
tjmesq@hotmail.com
2 | THE MACELLARO FIRM
124 Brooks Avenue
3 | Venice, California 90291
Telephone: (310) 399-8585
4 | Facsimile: (310) 399-8686

5 | Raphael A. Gutierrez (215207)
rafa@rgattorney.com
6 | LAW OFFICE OF RAPHAEL A. GUTIERREZ
11355 W. Olympic Blvd., Suite 106
7 | Los Angeles, CA 90064
Telephone: (949) 375-2288

8

9 | Attorneys for Plaintiff/Counterdefendant
PLANET.ECO LLC and Counterdefendant
10 | MOSES BOONE

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| 13   PLANET.ECO, LLC, a Connecticut limited liability company, | CASE NO.: CV12-1812 PA (PLAx) |
| 14 | Hon.  Percy Anderson |
| 15       Plaintiff,<br>    vs. | **ANSWER OF PLANET.ECO LLC AND MOSES BOONE TO DOTECO LLC'S AMENDED COUNTERCLAIMS** |
| 16   BIG ROOM, INC., a Canadian corporation, DOTECO LLC, a | |
| 17   California limited liability company, TOP LEVEL DOMAIN HOLDINGS | **DEMAND FOR JURY TRIAL** |
| 18   LIMITED, a British Virgin Island company, and MINDS AND | |
| 19   MACHINES LLC, a California limited liability company, and FREDERICK | |
| 20   ROBERT KRUGER, individually, | Complaint Filed: March 2, 2012 |
| 21       Defendants. | |
| 22 | |
| 23   DOTECO LLC, | |
| 24       Counterclaimant, | |
| 25     vs. | |
| 26   PLANET.ECO LLC, and MOSES BOONE, | |
| 27       Counterdefendants. | |
| 28 | |

1    Plaintiff and Counterdefendant Planet.eco LLC ("Planet.eco" or

2 "Counterdefendant") and Counterdefendant Moses Boone (collectively,

3 "Counterdefendants"), on behalf of themselves and no others, hereby answer the

4 Amended Counterclaims filed in this action by Defendant and Counterclaimant

5 DotEco LLC ("Counterclaimant") as follows:

6

7    **PARTIES**

8    1.    In answering paragraph 1, Counterdefendants admit that the California

9 Secretary of State website shows that DotEco LLC is a California limited liability

10 company.  Counterdefendants are otherwise without sufficient information to admit

11 or deny the remaining allegations and therefore deny the remaining allegations in this

12 paragraph.

13    2.    In answering paragraph 2, Counterdefendants admit the allegations of

14 this paragraph.

15    3.    In answering paragraph 3, Counterdefendants admit that Moses Boone is

16 an individual.  Other than as so admitted, Counterdefendants deny the remaining

17 allegations of this paragraph.

18

19    **JURISDICTION AND VENUE**

20    4.    In answering paragraph 4, Counterdefendants admit that

21 Counterclaimant asserts jurisdiction of this Court over its Counterclaims.

22 Counterdefendants otherwise assert that the allegations in this paragraph assert legal

23 conclusions to which no response is required, and therefore deny the allegations in

24 this paragraph.

25    5.    In answering paragraph 5, Counterdefendants admit that

26 Counterclaimant asserts that venue in this Court is proper.  Counterdefendants

27

28

otherwise assert that the allegations in this paragraph assert legal conclusions to which no response is required, and therefore, deny the allegations in this paragraph.

## THE CONTROVERSY

6.     In answering paragraph 6, Counterdefendants admit that Counterclaimant asserts that Planet.eco "sued" DotEco LLC "for trademark infringement, unfair competition, and false advertising under the Lanham Act," in addition to other federal and state law claims, and that DotEco LLC "has denied" Planet.eco's "allegations and asserted various defenses and affirmative defenses." The allegations in this paragraph otherwise do not require a responsive pleading, but to the extent one is required, Counterdefendants deny the allegations.

## ALLEGED FRAUDULENT REGISTRATION

7.     In answering paragraph 7, the application referenced in this paragraph is a public record that speaks for itself and therefore no further response is required, but to the extent one is required, Counterdefendants deny the allegations in this paragraph.

8.     In answering paragraph 8, the application referenced in this paragraph is a public record that speaks for itself and therefore no further response is required, but to the extent one is required, Counterdefendants deny the allegations in this paragraph.

9.     In answering paragraph 9, Counterdefendants deny the allegations in this paragraph.

10.     In answering paragraph 10, Counterdefendants deny the allegations in this paragraph.

11.     In answering paragraph 11, Counterdefendants deny the allegations in this paragraph.

12.     In answering paragraph 12, Counterdefendants deny the allegations in this paragraph.

13.     In answering paragraph 13, Counterdefendants deny the allegations in this paragraph.

14.     In answering paragraph 14, Counterdefendants deny the allegations in this paragraph.

15.     In answering paragraph 15, Counterdefendants deny the allegations in this paragraph.

16.     In answering paragraph 16, Counterdefendants deny the allegations in this paragraph.

17.     In answering paragraph 17, the allegations in this paragraph refer to a public record that speaks for itself and therefore no further response is required, but to the extent one is required, Counterdefendants deny the allegations in this paragraph.

18.     In answering paragraph 18, Counterdefendants deny the allegations in this paragraph.

19.     In answering paragraph 19, Counterdefendants deny the allegations in this paragraph.

20.     In answering paragraph 20, the allegations in this paragraph refer to a public record that speaks for itself and therefore no further response is required, but to the extent one is required, Counterdefendants deny the allegations in this paragraph.

21.     In answering paragraph 21, the allegations in this paragraph refer to a public record that speaks for itself and therefore no further response is required, but to the extent one is required, Counterdefendants deny the allegations in this paragraph.

22.    In answering paragraph 22, Counterdefendants deny the allegations in this paragraph.

## ICANN'S APPLICATION PROCESS

23.    In answering paragraph 23, the allegations in this paragraph refer to an exhibit of record with this Court that speaks for itself and therefore, does not otherwise require a response, but to the extent one is required, Counterdefendants deny the allegations in this paragraph.

24.    In answering paragraph 24, Counterdefendants are without sufficient information to admit or deny the allegations in this paragraph, and on that basis deny the allegations in this paragraph.

25.    In answering paragraph 25, Counterdefendants are without sufficient information to admit or deny the allegations in this paragraph, and on that basis deny the allegations in this paragraph.

26.    In answering paragraph 26, the allegations in this paragraph refer to a public record that speaks for itself and therefore, does not otherwise require a response, but to the extent one is required, Counterdefendants deny the allegations in this paragraph.

27.    In answering paragraph 27, the allegations in this paragraph assert conclusions of law to which no response is required, but to the extent one is otherwise required, Counterdefendants deny the allegations in this paragraph.

28.    In answering paragraph 28, the allegations in this paragraph assert conclusions of law to which no response is required, but to the extent one is otherwise required, Counterdefendants deny the allegations in this paragraph.

29.    In answering paragraph 29, Counterdefendants deny the allegations in this paragraph.

30.     In answering paragraph 30, Counterdefendants deny the allegations in this paragraph.

31.     In answering paragraph 31, Counterdefendants deny the allegations in this paragraph.

32.     In answering paragraph 32, Counterdefendants on information and belief deny the allegations in this paragraph.

## COUNTS OF COUNTERCLAIM

## COUNT 1

### Cancellation of U.S. Trademark Registration No. 3716170

### Void Ab Initio 15 U.S.C. Section 1015(a)(i)

(Against Planet.eco and Moses Boone)

33.     In answering paragraph 33, Counterdefendants re-allege and incorporate by reference their responses to all preceding paragraphs.

34.     In answering paragraph 34, the allegations in this paragraph refer to a public record that speaks for itself and therefore, does not otherwise require a response, but to the extent one is required, Counterdefendants deny the allegations in this paragraph.

35.     In answering paragraph 35, Counterdefendants admit the allegations in this paragraph, except to the extent it implies Colored Planet Connextion did not exist.

36.     In answering paragraph 36, Counterdefendants deny the allegations in this paragraph.

37.     In answering paragraph 37, Counterdefendants deny the allegations in this paragraph.

38.     In answering paragraph 38, Counterdefendants deny the allegations in this paragraph.

39.     In answering paragraph 39, the allegations in this paragraph do not require a response, but to the extent one is required, Counterdefendants admit that Counterclaimant seeks cancellation of the ".eco" mark, but deny that they are entitled to such relief.

## COUNT II

### Cancellation of Registration No. 3716170:  Abandonment

(Against Planet.eco and Moses Boone)

40.     In answering paragraph 40, Counterdefendants re-allege and incorporate by reference their responses to all preceding paragraphs.

41.     In answering paragraph 41, Counterdefendants deny the allegations in this paragraph.

42.     In answering paragraph 42, Counterdefendants deny the allegations in this paragraph.

43.     In answering paragraph 43, Counterdefendants deny the allegations in this paragraph.

44.     In answering paragraph 44, Counterdefendants deny the allegations in this paragraph.

45.     In answering paragraph 45, Counterdefendants deny the allegations in this paragraph.

46.     In answering paragraph 46, Counterdefendants deny the allegations in this paragraph.

47.     In answering paragraph 47, Counterdefendants deny the allegations in this paragraph.

48.     In answering paragraph 48, Counterdefendants deny the allegations in this paragraph.

THE MACELLARO FIRM
124 BROOKS AVENUE
VENICE, CA 90291
(310) 399-8585

ANSWER TO AMENDED COUNTERCLAIMS- Case No. CV12-1812 PA (PLAx)

49.     In answering paragraph 49, Counterdefendants deny the allegations in this paragraph.

50.     In answering paragraph 50, the allegations in this Paragraph do not require a response, but to the extent one is required, Counterdefendants admit that Counterclaimant seeks cancellation of the ".eco" mark but deny that they are entitled to such relief.

## COUNT III

### Cancellation of Registration No. 3716170:  Genericness

(Against Planet.eco and Moses Boone)

51.     In answering paragraph 51, Counterdefendants re-allege and incorporate by reference their responses to all preceding paragraphs.

52.     In answering paragraph 52, Counterdefendants deny the allegations in this paragraph.

53.     In answering paragraph 53, the allegations in this paragraph refer to a public record that speaks for itself and therefore does not otherwise require a response, but to the extent one is required, Counterdefendants deny the allegations in this paragraph.

54.     In answering paragraph 54, the allegations in this paragraph assert conclusions of law to which no response is required, but to the extent one is otherwise required, Counterdefendants deny the allegations in this paragraph.

/ / /

/ / /

## COUNT IV

**Monopolization Through Use of Purported Trademark Registration**

**Sherman Act §2, 15 U.S.C.A. §2**

(Against Planet.eco)

55.     In answering paragraph 55, Counterdefendant re-alleges and incorporates by reference its responses to all preceding paragraphs.

56.     In answering paragraph 56, Counterdefendant denies the allegations in this paragraph.

57.     In answering paragraph 57, the allegations of this paragraph do not require a response but to the extent one is required, Counterdefendant denies the allegations in this paragraph.

58.     In answering paragraph 58, Counterdefendant denies the allegations in this paragraph.

59.     In answering paragraph 59, Counterdefendant denies the allegations in this paragraph.

60.     In answering paragraph 60, the allegations in this paragraph refer to a public record that speaks for itself and therefore does not otherwise require a response, but to the extent one is required, Counterdefendant denies the allegations in this paragraph.

61.     In answering paragraph 61, the allegations in this paragraph assert conclusions of law to which no response is required, but to the extent one is otherwise required, Counterdefendant denies the allegations in this paragraph.

62.     In answering paragraph 62, Counterdefendant denies the allegations in this paragraph.

/ / /

/ / /

## COUNT V

### Cancellation of '170 Registration Based on False Trademark Registration Under Lanham Act §38, 15 U.S.C.A. §1120

(Against Planet.eco and Moses Boone)

63.     In answering paragraph 63, Counterdefendants re-allege and incorporate by reference their responses to all preceding paragraphs.

64.     In answering paragraph 64, Counterdefendants deny the allegations in this paragraph.

65.     In answering paragraph 65, Counterdefendants deny the allegations in this paragraph.

66.     In answering paragraph 66, Counterdefendants deny the allegations in this paragraph.

67.     In answering paragraph 67, Counterdefendants deny the allegations in this paragraph.

68.     In answering paragraph 68, Counterdefendants deny the allegations in this paragraph.

69.     In answering paragraph 69, Counterdefendants deny the allegations in this paragraph.

## COUNT VI

### Unfair Competition and Unfair Business Practices Under Cal. Bus. & Prof. Code § 17200 *et seq*

### (Trademark Troll)

(Against Planet.eco)

70.     In answering paragraph 70, Counterdefendant re-alleges and incorporates by reference its responses to all preceding paragraphs.

71.     In answering paragraph 71, the allegations in this paragraph assert conclusions of law to which no response is required, but to the extent one is otherwise required, Counterdefendant denies the allegations in this paragraph.

72.     In answering paragraph 72, the allegations in this paragraph assert conclusions of law to which no response is required, but to the extent one is otherwise required, Counterdefendant denies the allegations in this paragraph.

73.     In answering paragraph 73, the allegations in this paragraph assert conclusions of law to which no response is required, but to the extent one is otherwise required, Counterdefendant denies the allegations in this paragraph.

74.     In answering paragraph 74, the allegations in this paragraph assert conclusions of law to which no response is required, but to the extent one is otherwise required, Counterdefendant denies the allegations in this paragraph.

75.     In answering paragraph 75, the allegations in this paragraph assert conclusions of law to which no response is required, but to the extent one is otherwise required, Counterdefendant denies the allegations in this paragraph.

76.     In answering paragraph 76, Counterdefendant denies the allegations in this paragraph.

77.     In answering paragraph 77, Counterdefendant denies the allegations in this paragraph.

78.     In answering paragraph 78, the allegations in this paragraph assert conclusions of law to which no response is required, but to the extent one is otherwise required, Counterdefendant denies the allegations in this paragraph.

79.     In answering paragraph 79, Counterdefendant denies the allegations in this paragraph.

/ / /

/ / /

## <u>COUNT VII</u>

### Abuse of Process

(Against Planet.eco)

80.     In answering paragraph 80, Counterdefendant re-alleges and incorporates by reference its responses to all preceding paragraphs.

81.     In answering paragraph 81, Counterdefendant denies the allegations in this paragraph.

82.     In answering paragraph 82, Counterdefendant denies the allegations in this paragraph.

83.     In answering paragraph 83, Counterdefendant denies the allegations in this paragraph.

84.     In answering paragraph 84, Counterdefendant denies the allegations in this paragraph.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim for Relief)

85.     The counterclaims are barred for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Equitable Defenses)

86.     Counterdefendants assert that the counterclaims are barred by the doctrine of laches, acquiescence, waiver and estoppel.

THE MACELLARO FIRM
124 BROOKS AVENUE
VENICE, CA 90291
(310) 399-8585

## THIRD AFFIRMATIVE DEFENSE

### (No Right to Injunctive Relief)

87.     To the extent Counterclaimant seeks injunctive relief, Counterclaimant is not entitled to such relief because the hardship that would be imposed on Counterdefendants by any such relief would be greatly disproportionate to any hardship that Counterclaimant might suffer in its absence.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

88.     Any relief for Counterclaimant is barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees or Punitive Damages)

89.     Counterclaimant has failed to state any claim upon which the Court may award it attorneys' fees or costs.

90.     Counterclaimant is not entitled to punitive or exemplary damages on any cause of action alleged in the Counterclaims.  Any award of punitive or exemplary damages would violate the due process and/or equal protection clauses of the Constitution of the State of California and the Constitution of the United States of America.

## SIXTH AFFIRMATIVE DEFENSE

### (No Antitrust Injury)

91.     Counterclaimant has failed to allege that it has suffered injury of the type the antitrust laws were intended to prevent and that flows from that which makes the Counterdefendants' acts purportedly unlawful.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Unlawful Conduct Under State Unfair Competition Claim)

92.     Counterclaimant has failed to adequately allege any unlawful conduct that has been engaged in as a business practice.

93.     Counterclaimant has failed to allege injury in fact or loss of money or property as a result of such alleged unfair competition.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Adequately Plead Cancellation of a Federally Registered Trademark)

94.     Counterclaimant has failed to allege that the representations to the PTO were material or that the PTO reasonably relied on them.

95.     Counterclaimant has failed to allege that Counterdefendants made a knowingly false statement.

## NINTH AFFIRMATIVE DEFENSE

### (Failure of Pleading)

96.     The counterclaims are barred for failure to plead with the requisite particularity under Fed. R. Civ. P. 8 and 9.

## TENTH AFFIRMATIVE DEFENSE

### (Uncertain/Unmanageable Damages)

97.     Counterclaimant's requested monetary relief is too speculative, remote, and/or impossible to prove and/or allocate.

/ / /

/ / /

## ELEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

98.    Counterclaimant's claims for equitable relief are barred to the extent there is an adequate remedy at law.

## TWELTH AFFIRMATIVE DEFENSE

### (Compliance with Laws)

99.    Counterclaimant's claims are barred because the conduct alleged in the counterclaims complies with applicable laws, rules and regulations.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (First Amendment Right)

100.   Each cause of action alleged in the counterclaims is barred, in whole or in part, to the extent that the conduct complained of is protected by the free speech provisions of the Constitution of the State of California and the Constitution of the United States of America.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

101.   Each cause of action alleged in the counterclaims is barred, in whole or in part, because Counterdefendants acted in good faith at all times.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Monetary Relief)

102.   An award of monetary relief, other than purported need for restitution, to Counterclaimant, including but not limited to penalties of any type, would violate the

due process provisions of the Constitution of the State of California and the Constitution of the United States of America.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Causation is Lacking)

103.   Each cause of action alleged in the counterclaims is barred, in whole or in part, because Counterclaimant has not sustained any injury or damage by reason of any act or omission on Counterdefendants' part.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Materiality is Lacking)

104.   Each cause of action is barred, in whole or in part, because Counterclaimant has not sustained any injury or damage by reason of any material act or omission on Counterdefendants' part.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Lack of Reliance)

105.   Counterclaimant's claims are barred, in whole or in part, because of the lack of reliance by Counterclaimant on the alleged misconduct on Counterdefendants' part.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

106.   Counterclaimant's claims are barred because Counterclaimant would be unjustly enriched if allowed to recover any monies claimed to be due in the counterclaims.

THE MACELLARO FIRM
124 BROOKS AVENUE
VENICE, CA 90291
(310) 399-8585

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

107.   Without admitting any wrongful conduct on the part of Counterdefendants, and without admitting that Counterclaimant has suffered any loss, damage or injury, recovery for any such loss, damage, or injury is barred, in whole or in part, because Counterclaimant failed to mitigate such loss, damage, or injury.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Justification/Excuse)

108.   Counterdefendants' alleged actions at all times relevant to the counterclaims, were necessary to the competitive operation of its business, and Counterclaimant's alleged injury, if any, is outweighed by the benefit to the public of Counterdefendants' actions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Privilege)

109.   The Counterclaims are barred because the counterdefendants' actions were privileged.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Litigation Privilege)

110.   Counterclaimant's claims are barred by the Litigation Privilege.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitation)

111.   Counterclaimant's claims are barred by the statute of limitations.

# TWENTY-FIFTH AFFIRMATIVE DEFENSE
## (Valid Trademark)

112.   Counterclaimant's claims are barred because of the existence and ownership of a valid trademark.

# TWENTY-SIXTH AFFIRMATIVE DEFENSE
## (Reservation of Rights)

113.   Further responding, Counterdefendants state that they currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Counterdefendants reserve the right to assert additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding the claims and upon further investigation.

WHEREFORE, Counterdefendants request:

1.   That Counterclaimant take nothing by way of its Amended Counterclaims;

2.   That Counterdefendants be awarded the relief sought in the Amended Complaint;

3.   That Counterdefendants be awarded costs incurred herein, including such reasonable attorneys' fees as may be allowed by case or statutory authorities an/or agreement of the parties; and

/ / /

/ / /

1    4.    That Counterdefendants be awarded such other and further relief as the

2    Court may deem appropriate.

3

4  Dated:  July 9, 2012               THE MACELLARO FIRM

5

6                              By:  *Theresa J. Macellaro*

7                                 THERESA J. MACELLARO
                                Attorneys for Plaintiff and

8                                Counterdefendant Planet.eco LLC
                                and Counterdefendant Moses

9                                Boone

10

11

12

13                  **DEMAND FOR JURY TRIAL**

14      Counterdefendants hereby demand a trial by jury.

15

16  Dated:  July 9, 2012               THE MACELLARO FIRM

17

18                              By:  *Theresa J. Macellaro*

19                                 THERESA J. MACELLARO
                                Attorneys for Plaintiff and

20                                Counterdefendant Planet.eco LLC
                                and Counterdefendant Moses

21                                Boone

22

23

24

25

26

27

28

# PROOF OF SERVICE
## (*Planet.eco LLC v. Big Room, Inc., et al.*)
## (USDC Case No. CV-12-1812-PA (PLAx))

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 124 Brooks Avenue, Venice, California 90291.

On **July 9, 2012**, I served the foregoing document(s) described as **ANSWER OF PLANET.ECO LLC AND MOSES BOONE TO DOTECO LLC'S AMENDED COUNTERCLAIMS; DEMAND FOR JURY TRIAL** on the interested parties in this action by placing   [ ] the original [**X**] a true copy thereof enclosed in sealed envelope addressed as stated below:

[**X**]   **BY MAIL**

[**X**] I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[**X**]   **(FEDERAL)**   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at Venice, California on **July 9, 2012.**

NAME:   <u>JESSE FERNANDEZ</u>

(Signature)

# SERVICE LIST
## (*Planet.eco LLC v. Big Room, Inc., et al.*)
## (USDC Case No. CV-12-1812-PA (PLAx))

| | |
|---|---|
| Tamany Vinson Bentz, Esq.<br>Deborah A. Feinblum, Esq.<br>VENABLE LLP<br>2049 Century Park East<br>Suite 2100<br>Los Angeles, CA 90067 | Attorneys for Doteco LLC and<br>Frederick R. Krueger |
| Janet F. Satterthwaite, Esq.<br>Jeffrey A. Dunn, Esq.<br>VENABLE LLP<br>575 Seventh Street, NW<br>Washington, DC 2004 | Co-counsel for Doteco LLC and<br>Frederick R. Krueger |
| Bethany M. Stevens, Esq.<br>WILMER CUTLER PICKERING<br> HALE AND DORR LLP<br>350 S. Grand Ave., Suite 2100<br>Los Angeles, CA 90071 | Attorneys for Big Room, Inc. |
| Samir C. Jain, Esq.<br>WILMER CUTLER PICKERING<br> HALE AND DORR LLP<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006 | Co-counsel for Big Room, Inc. |

THE MACELLARO FIRM
124 BROOKS AVENUE
VENICE, CA 90291
(310) 399-8585