UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1812 PA (PLAx) | Date | August 10, 2012 |
|---|---|---|---|
| Title | Planet.Eco, LLC v. Big Room, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction filed by defendant Big Room, Inc. ("Big Room") (Docket Nos. 12 & 24).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for May 21, 2012, is vacated, and the matter taken off calendar.

I.      Factual Background

Plaintiff Planet.Eco, LLC ("Planet.Eco") is a Connecticut limited liability company with a principal place of business in Stamford, Connecticut.  According to the First Amended Complaint ("FAC"), Planet.Eco's use of ".eco" can be traced to 2005 and has been used by Planet.Eco in connection with the design, creation, hosting, and maintenance of environmentally-minded Internet sites since 2008.  Planet.Eco obtained a federal trademark registration for ".ECO" in 2009.

According to the FAC, Big Room is one of several entities and individuals that are attempting to obtain approval from the Internet Corporation for Assigned Names and Numbers ("ICANN") to operate ".eco" as a top-level domain name ("TLD").  Big Room is a Canadian company with its headquarters in Vancouver.  Big Room has a wholly-owned subsidiary in the United States, Big Room (US), Inc., with an office in New Haven, Connecticut.  Big Room operates websites with Internet domain names "doteco.info" and "doteco.org" in support of its efforts to administer the .eco TLD.

The FAC alleges claims for:  (1) trademark infringement pursuant to 15 U.S.C. § 1114; (2) trademark infringement and false designation of origin pursuant to 15 U.S.C. § 1125(a); (3) counterfeiting pursuant to 15 U.S.C. § 1114(1); (4) cybersquatting pursuant to 15 U.S.C. § 1125(d); (5) unfair competition pursuant to California Business and Professions Code section 17200; (6) federal and state common law unfair competition; (7) federal and state common law trademark infringement; (8) contributory infringement under the Lanham Act; and (9) accounting.

In its Motion to Dismiss for Lack of Personal Jurisdiction, Big Room asserts that it has insufficient contacts with the Central District of California to support the exercise of jurisdiction over it. Big Room also contends that Planet.Eco has not established that Big Room has engaged in any conduct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1812 PA (PLAx) | Date | August 10, 2012 |
|---|---|---|---|
| Title | Planet.Eco, LLC v. Big Room, Inc., et al. | | |

that it knew was likely to cause harm to Planet.Eco in the Central District.  Planet.Eco opposes Big Room's Motion and argues that Big Room's submission of its ICANN application in the Central District, efforts to generate support for its ICANN application, and availability of its websites within the Central District, all support personal jurisdiction in the Central District.

II.      Legal Standard

The plaintiff bears the burden of establishing personal jurisdiction.  Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995).  If a court has not heard testimony or made factual determinations, however, the plaintiff must only make a prima facie showing of personal jurisdiction. Id.  The plaintiff may use affidavits of knowledgeable witnesses in meeting its burden of proving jurisdiction.  Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).  In determining whether the plaintiff has met this burden, a court must take the allegations in the plaintiff's complaint as true and resolve disputed jurisdictional facts in the plaintiff's favor.  Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588-89 (9th Cir. 1996).

Before this Court can exercise jurisdiction, an applicable state rule or statute must potentially confer personal jurisdiction over the out of state defendant.  Fed. R. Civ. P. 4(e).  The California long-arm statute provides that a court may exercise jurisdiction on any basis not inconsistent with the State Constitution or the Constitution of the United States.  Cal. Civ. Proc. Code § 410.10.  Section 410.10 imposes limits on the power of California courts to exercise personal jurisdiction that are "'coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court.'"  Data Disc, 557 F.2d at 1286 (quoting Republic Int'l Corp. v. Amco Engineers, Inc., 516 F.2d 161, 167 (9th Cir. 1975).

A defendant's activities involving the forum state should be such that the defendant "should reasonably anticipate being haled into court there."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490 (1980).  Courts have adopted a two-tiered approach to analyze whether a non-resident defendant's contacts with the forum state are sufficiently substantial so as to comport both with the Constitution and with traditional notions of fair play and substantial justice.  International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945).  This two-tiered approach involves a determination of whether a court has general or specific jurisdiction over a defendant.  See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).

II.      General Jurisdiction

General jurisdiction exists when there are "substantial" or "continuous and systematic" contacts with the forum state, even if the cause of action is unrelated to those contacts.  Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 415, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404 (1984).  The contacts with the forum state must be of a sort that "approximate physical presence."  Id.; see also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1812 PA (PLAx) | Date | August 10, 2012 |
|---|---|---|---|
| Title | Planet.Eco, LLC v. Big Room, Inc., et al. | | |

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) ("This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world."). Planet.Eco does not contend that this Court possesses general jurisdiction over Big Room and instead focuses solely on the Court's specific jurisdiction over Big Room.

III.     Specific Jurisdiction

Specific personal jurisdiction may be exercised when the "nature and quality" of the defendant's contacts with the forum state are significant in relation to the specific cause of action. Data Disc, 557 F.2d at 1287. In order for the forum state to properly assert jurisdiction over an out of state defendant, the defendant must have purposefully directed its activities towards residents of the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985). Further, the forum-related activities must be related to the claim, and the exercise of jurisdiction must be reasonable. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). The Ninth Circuit has developed a three-part test for assessing the exercise of specific personal jurisdiction over a party:

> (1)     The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2)     The claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3)     The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802; see also Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988). "The plaintiff bears the burden of satisfying the first two prongs of the test. . . . If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 476-78, 105 S. Ct. at 2184-85, 85 L. Ed. 2d 528).

A "purposeful availment" analysis is usually used in suits sounding in contract while a "purposeful direction" analysis is typically employed in a tort action. Id. A defendant purposefully avails himself of the privilege of conducting activities in the forum by deliberately "engag[ing] in significant activities within a State or [creating] 'continuing obligations' between himself and the residents of the forum." Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990) (citing Burger King, 471 U.S. at 475-76, 105 S. Ct. at 2183- 84, 85 L. Ed. 2d 528). Purposeful availment

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1812 PA (PLAx) | | Date | August 10, 2012 |
|----------|----------------------|---|------|-----------------|
| Title | Planet.Eco, LLC v. Big Room, Inc., et al. | | | |

"typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." Schwarzenegger, 374 F.3d at 802.  The purposeful availment or direction test applied in tort cases applies the "effects" test derived from Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984), and requires "that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).

In determining the propriety of the exercise of personal jurisdiction, a court "must evaluate all of a defendant's contacts with the forum state, whether or not those contacts involve wrongful activity by the defendant." Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme, 433 F.3d 1199, 1207 (9th Cir. 2007).  "In a specific jurisdiction inquiry, we consider the extent of the defendant's contacts with the forum and the degree to which the plaintiff's suit is related to those contacts.  A strong showing on one axis will permit a lesser showing on the other." Id. at 1210.

The second requirement that the "claim must be one which arises out of or relates to the defendant's forum-related activities" is met if the Plaintiff would not have been injured "but for" the defendant's activities.  Panavision, 141 F.3d 1316, 1322 (9th Cir. 1998).  Finally, the third "reasonableness" prong is satisfied when the following factors weigh in favor of the exercise of jurisdiction over a nonresident defendant:

> (1)    The extent of purposeful interjection into the forum state;
> (2)    The burden on the defendant of defending in the forum;
> (3)    The extent of conflict with the sovereignty of defendant's state;
> (4)    The forum state's interest in adjudicating the dispute;
> (5)    The most efficient judicial resolution of the controversy;
> (6)    The importance of the forum to plaintiff's interest in convenient and effective relief; and
> (7)    The existence of an alternative forum.

Fed. Deposit Ins. Corp. v. British-American Ins. Co., 828 F.2d 1439, 1442 (9th Cir. 1987) (citing Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir. 1986)).

Even accepting as true Planet.Eco's allegations and evidence of Big Room's forum-related activities, and specifically Big Room's submission of an application to ICANN in the Central District, at most, Planet.Eco has satisfied the first two prongs of the effects test.  See Mavrix Photo, Inc. V. Brand Technologies, Inc., 647 F.3d 1218, 1228 (9th Cir. 2011).  Planet.Eco has not, however, provided any evidence that Big Room's alleged trademark infringement, even if aimed at California, caused "harm that the defendant knows is likely to be suffered in the forum state." Dole Food Co. 303 F.3d at 1111.  Planet.Eco, which is based in Connecticut, has come forward with no allegations or evidence that it has any presence in California, has ever transacted business in California, sought to transact business here, or in any other way suffered any harm in California as a result of Big Room's alleged infringement.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1812 PA (PLAx) | Date | August 10, 2012 |
|---|---|---|---|
| Title | Planet.Eco, LLC v. Big Room, Inc., et al. | | |

Indeed, Planet.Eco's Opposition to the Motion to Dismiss makes a single passing reference to the third prong of the effects test: "Plaintiff has specifically claimed that [the ICANN] application is at the heart of Plaintiff's infringement claims, as Big Room's mere filing of the application with ICANN will directly cause harm to Plaintiff and its .ECO business." (Opposition 16:20-23.)  Missing from Planet.Eco's discussion of the harm it might suffer is how it might suffer that harm in the Central District.  As a result, Planet.Eco has failed to satisfy the third prong of the effects test and, as a result, failed to meet its burden to establish the propriety of the exercise of personal jurisdiction over Big Room in the Central District.

　　　Finally, although Planet.Eco requested that it be allowed to conduct jurisdictional discovery, the Court concludes that evidence of the harm Planet.Eco might suffer within California is information within Planet.Eco's control.  As a result, Planet.Eco did not require discovery from Big Room to defeat Big Room's Motion to Dismiss.  Therefore, the Court denies Planet.Eco's request to conduct jurisdictional discovery.

<u>Conclusion</u>

　　　For the foregoing reasons, the Court grants Big Room's Motion to Dismiss for Lack of Jurisdiction.  Planet.Eco's claims against Big Room are dismissed without prejudice.

　　　IT IS SO ORDERED.