FILED
CLERK, U.S. DISTRICT COURT
SEP 21 2012
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

VENABLE LLP
Tamany Vinson Bentz (SBN 258600)
Deborah A. Feinblum (SBN 251544)
Email: tjbentz@venable.com
dafeinblum@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Janet F. Satterthwaite (pro hac)
Jeffrey A. Dunn (pro hac)
Email: jadunn@venable.com
jfsatterthwaite@venable.com
575 7th Street NW
Washington DC 20004
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Attorneys for Defendants

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Planet .Eco LLC

Plaintiff,

v.

Big Room, Inc., Doteco LLC, Top Level Domain Holdings Limited, Minds and Machines, LLC, and Frederick R. Krueger

Defendants,

v.

Moses Boone, an individual

Counterclaim Defendant.

CASE NO. CV 12-1812-PA(PCAx)

Hon. Percy Anderson
Courtroom

**ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLAINTIFF'S FIRST AMENDED COMPLAINT;**
DEMAND FOR JURY TRIAL

Action Filed: March 2, 2012

1
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

Comes now Defendants Top Level Domain Holdings Limited and Minds and Machines LLC (collectively referred to as "Defendants") by and through their undersigned attorneys and answers Plaintiff Planet .Eco LLC's ("Plaintiff") First Amended Complaint ("Amended Complaint") as follows:

1. Defendants admit that Plaintiff purports to state a claim under the Lanham Act and that 15 U.S.C. § 1121 gives federal courts federal question jurisdiction over claims made under the Lanham Act. Defendants further admit that 28 U.S.C. §§ 1338(a) and (b) give federal courts federal question jurisdiction over claims arising out of any Act of Congress relating to … trademarks." Defendants further admit that they are subject to personal jurisdiction in the State of California. The remaining allegations contained in this Paragraph of the Amended Complaint are legal conclusions to which no response is required. If a response is required, then Defendants deny the allegations in this Paragraph.

2. The allegations contained in this Paragraph of the Amended Complaint are legal conclusions to which no response is required. If a response is required, then Defendants are without sufficient information to admit or deny the allegations and therefore deny the allegations in this Paragraph.

3. Defendants are without sufficient information to admit or deny the allegations in this Paragraph, of the Amended Complaint, and therefore deny these allegations.

4. Defendants are without sufficient information to admit or deny the allegations in this Paragraph, of the Amended Complaint, and therefore deny these allegations.

5. Defendants admit that Dotcco LLC is a California limited liability company with the address indicated, but deny the remaining allegations in this Paragraph.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

6. Defendants admit that Top Level Domain Holdings Limited ("TLDH") is a British Virgin Island Company with a Registered Office located at Craigmuir Chambers, Road Town, Tortola, BVI VG 1110 and a registered number 1412814. Defendants further admit that TLDH is a publicly traded company on the London Stock Exchange's AIM Market with the stock ticker of TLDH. Defendants further deny that TLDH owns 25% of Defendant Doteco LLC, but admit that TLDH owns 26.4 % of Defendant Doteco LLC. Defendants deny the remaining allegations in this Paragraph.

7. Defendants admit that Minds + Machines is an active California Limited Liability Company with an address located at 3100 Donald Douglas Loop N Hanger 7, Santa Monica, CA 90405. Defendants further admit that Minds + Machines is owned by TLDH. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this Paragraph and therefore deny these allegations.

8. Defendants admit that Fred Krueger is an individual residing in Malibu. Defendants deny the remaining allegations in this Paragraph of the Amended Complaint.

9. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny these allegations.

10. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

11. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

12. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

13. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

3

ANSWER AND AMENDED COUNTERCLAIMS OF
DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC
TO PLTF'S FIRST AMENDED COMPLAINT

14. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

15. Defendants admit that the application for the ".eco" mark identifies Moses Boone and Trevin Griffin as co-owners of the mark. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

16. Defendants deny the allegations set forth in this Paragraph.

17. Defendants deny the allegations set forth in this Paragraph.

18. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

19. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

20. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

21. Defendants deny that Plaintiff owns rights in the ".eco" mark. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this Paragraph, and therefore deny the allegations.

22. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

23. Defendants deny the allegations set forth in this Paragraph.

24. Defendants deny that Plaintiff has rights in the ".eco" mark. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this Paragraph, and therefore deny the allegations.

25. Defendants deny the allegations set forth in this Paragraph.

26. Defendants admit that the application for the ".eco" mark was filed in the name of "Colored Planet." Defendants deny that Plaintiff owns rights in the ".eco" mark. Defendants deny the allegations set forth in this Paragraph.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

4

ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

27. Defendants deny the allegations set forth in this Paragraph.

28. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

29. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

30. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

31. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

32. Defendants deny each and every allegation contained in this Paragraph of the Amended Complaint.

33. Defendants deny each and every allegation contained in this Paragraph of the Amended Complaint.

34. Defendants deny each and every allegation contained in this Paragraph of the Amended Complaint.

35. The allegations contained in this Paragraph of the Amended Complaint are legal conclusions to which no response is required. If a response is required, then Defendants deny the allegations in this Paragraph.

36. The allegations contained in this Paragraph of the Amended Complaint are legal conclusions to which no response is required. If a response is required, then Defendants deny the allegations in this Paragraph.

37. Defendants deny that Plaintiff owns rights in the mark ".eco." Defendants are without sufficient information to admit or deny the remaining allegations set forth in this Paragraph, and therefore deny the allegations.

38. The allegations contained in this Paragraph of the Amended Complaint are legal conclusions to which no response is required. If a response is

5
ANSWER AND AMENDED COUNTERCLAIMS OF
DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC
TO PLTF'S FIRST AMENDED COMPLAINT

required, then Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

39. Defendants deny each and every allegation contained in this Paragraph of the Amended Complaint.

40. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph and therefore deny the allegations.

41. Defendants admit that ICANN is a non-profit corporation. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this Paragraph and therefore deny the allegations.

42. Defendants deny each and every allegation contained in this Paragraph of the Amended Complaint.

43. Defendants admit that each TLDH has a registry or operator. Defendants deny the remaining allegations set forth in this Paragraph.

44. Defendants admit the allegations contained in this Paragraph of the Amended Complaint.

45. Defendants admit the allegations contained in this Paragraph of the Amended Complaint, except that the deadline of April 12, 2012 was extended by ICANN to a targeted re-opening date of May 30, 2012, due to a software glitch that caused the system to close between April12, 2012 and May 30, 2012.

46. Defendants deny the allegations contained in this Paragraph of the Amended Complaint.

47. Defendants deny each and every allegation contained in this Paragraph of the Amended Complaint.

48. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

6
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

49. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

50. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

51. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

52. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

53. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

54. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

55. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

56. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

57. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

7

ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

58. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

59. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

60. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

61. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

62. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

63. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

64. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

65. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

66. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

67. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

68. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

69. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

70. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

71. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

72. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

73. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

74. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

75. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

9
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

76. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

77. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

78. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

79. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

80. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

81. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

82. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

83. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

84. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

10
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

85. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

86. The allegations contained in this Paragraph of the Amended Complaint are legal conclusions to which no response is required. If a response is requirement, then Defendants deny the allegations set forth in this Paragraph of the Amended Complaint.

87. Defendants admit that Doteco LLC was organized in California. Defendant further admits that TLDH was incorporated on June 22, 2007. Defendants admit that TLDH issued a press release on March 6, 2008, and that it states: "The Company intends to maintain the domain registration of those domain names that the Directors consider are capable of generating ongoing direct navigation and search traffic and click-through revenues in excess of annual registration costs." Defendants deny the remaining allegations set forth in this Paragraph of the Amended Complaint.

88. Defendants admit that on or about January 4, 2010, Doteco filed a petition for cancellation with the TTAB against the '170 registration. Defendants further admit that in that cancellation proceeding Doteco asserted that the mark was not in use for the goods and services claimed in the registration. Defendants deny each and every other allegation set forth in this Paragraph of the Amended Complaint.

89. Defendants admit that Doteco participated in a TTAB proceeding involving the '170 registration and that any filings are public and the best evidence of any representations by Defendant Doteco. Defendants deny the remaining allegations in this Paragraph of the Amended Complaint.

90. Defendants deny the allegations set forth in this Paragraph of the Amended Complaint.

11
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

91. Defendants admit Plaintiff sent a letter dated January 11, 2012, and that a copy of that letter appears as Exhibit G to the Amended Complaint. Defendants deny the remaining allegations set forth in this Paragraph of the Amended Complaint.

92. Defendants deny the allegations set forth in this Paragraph of the Amended Complaint.

93. Defendants admit Defendant Krueger was the first member or manager of Defendant Doteco LLC. Defendants deny the remaining allegations set forth in this Paragraph of the Amended Complaint.

94. Defendants deny the allegations set forth in this Paragraph of the Amended Complaint.

95. Defendants deny the allegations set forth in this Paragraph of the Amended Complaint.

96. Defendants deny the allegations set forth in this Paragraph of the Amended Complaint.

97. Defendants deny the allegations set forth in this Paragraph of the Amended Complaint.

98. Defendants deny the allegations set forth in this Paragraph of the Amended Complaint.

99. Defendants deny the allegations set forth in this Paragraph of the Amended Complaint.

100. Defendants deny the allegations set forth in this Paragraph of the Amended Complaint.

101. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

102. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

12
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

103. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

104. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

105. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

106. The allegations set forth in this Paragraph of the Amended Complaint are not directed at Defendants. If a response is required, Defendants admit that TLDH is a publicly traded company. Defendants deny each and every other allegation set forth in this Paragraph of the Amended Complaint.

107. The allegations set forth in this Paragraph of the Amended Complaint are not directed at Defendants. If a response is required, Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint.

108. Defendants admit that TLDH maintains a 65% ownership in DotNYC LLC. Defendants admit Defendant Krueger stated: "TLDH is very well positioned to participate in the current gTLDs application and award process and we are excited about the prospects for the Company." The remaining allegations set forth in this Paragraph of the Amended Complaint are not directed at Defendants. If a response is required, Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

109. The allegations set forth in this Paragraph of the Amended Complaint are not directed at Defendants. If a response is required, Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

110. The allegations set forth in this Paragraph of the Amended Complaint are not directed at Defendants. If a response is required, Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

13

ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

111. Defendants admit that Defendant Krueger is the co-founder of TLDH. The remaining allegations set forth in this Paragraph of the Amended Complaint are not directed at Defendants. If a response is required, Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint

112. The allegations set forth in this Paragraph of the Amended Complaint are not directed at Defendants. If a response is required, Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

113. The allegations set forth in this Paragraph of the Amended Complaint are not directed at Defendants. If a response is required, Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

114. Defendants admit that Minds + Machines is a registry service provider and is owned by TLDH. Defendants deny any other allegations in this Paragraph.

115. The allegations set forth in this Paragraph of the Amended Complaint are not directed at Defendants. If a response is required, Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

116. Defendants deny the allegations set forth in this Paragraph of the Amended Complaint.

117. The allegations set forth in this Paragraph of the Amended Complaint are not directed at Defendants. If a response is required, Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

118. The allegations set forth in this Paragraph of the Amended Complaint are not directed at Defendants. If a response is required, Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

119. The allegations set forth in this Paragraph of the Amended Complaint are not directed at Defendants. If a response is required, Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

14

ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

120. Defendants admit that that Doteco was founded on or around August 11, 2008. Defendants admit Mr. Krueger is one of Doteco's members and he is its Chief Executive Officer and Registered Agent. Defendants admit Minds + Machines was founded in 2009 and Mr. Krueger was an original investor in Minds + Machines. Defendants admit that in 2007, TLDH was founded under the name Hecta Media. Defendants deny each and every other allegation set forth in this Paragraph of the Amended Complaint.

121. Defendants deny the allegations set forth in this Paragraph of the Amended Complaint.

122. Defendants admit that Mr. Krueger registered supportdoteco.com and supportdoteco.org. The remaining allegations contained in this Paragraph of the Amended Complaint are legal conclusions to which no response is required. If a response is required, then Defendants deny the allegations.

123. Defendants deny the allegations set forth in this Paragraph of the Amended Complaint.

124. Defendants deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

125. Defendants deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

126. Defendants deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

127. Defendants admit that the TTAB proceeding involving the '170 registration was dismissed and any filings are public and the best evidence of the proceeding. Defendants deny the remaining allegations set forth in this Paragraph of the Amended Complaint.

128. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

15

ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

129. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

130. Defendants are without sufficient information to admit or deny the allegations set forth in this Paragraph of the Amended Complaint and therefore deny the allegations.

**FIRST CAUSE OF ACTION**

**Alleged Trademark Infringement under § 1114(1)**

131. Defendants incorporate their responses to the allegations set forth in the previous Paragraphs.

132. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

133. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

134. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

135. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

136. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

137. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

138. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

139. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

140. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

16
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

141. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

142. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

143. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

144. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

145. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

146. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

147. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

148. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

149. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

150. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

**SECOND CAUSE OF ACTION**

**Alleged Trademark Infringement and False Designation of Origin under 15 U.S.C. § 1125(a)**

151. Defendants incorporate their responses to the allegations set forth in the previous Paragraphs.

152. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

17
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

153. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

154. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

155. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

156. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

157. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

158. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

159. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

160. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

161. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

162. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

163. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

164. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

165. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

18
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

166. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

**THIRD CAUSE OF ACTION**

**Alleged Counterfeiting Under 15 U.S.C. § 1114(1)**

167. Defendants incorporate their responses to the allegations set forth in the previous Paragraphs.

168. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

169. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

170. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

171. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

172. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

173. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

174. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

175. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

176. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

177. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

19
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

178. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

179. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

180. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

181. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

182. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

## FOURTH CAUSE OF ACTION

### Alleged Cybersquatting Under 15 U.S.C. § 1125(d)

183. Defendants incorporate their responses to the allegations set forth in the previous Paragraphs.

184. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

185. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

186. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

187. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

188. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

189. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

20
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

190. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

191. Defendants incorporate their responses to the allegations set forth in the previous Paragraphs.

192. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

193. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

194. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

## FIFTH CAUSE OF ACTION

**Alleged Unfair Competition Under Cal. Bus. & Prof. Code § 17200**

195. Defendants incorporate their responses to the allegations set forth in the previous Paragraphs.

196. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

197. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

198. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

199. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

200. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

201. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

21
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

202. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

203. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

## SIXTH CAUSE OF ACTION

### Alleged Federal and State Common Law Unfair Competition

204. Defendants incorporate their responses to the allegations set forth in the previous Paragraphs.

205. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

206. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

207. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

208. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

209. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

210. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

211. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

212. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

## SEVENTH CAUSE OF ACTION

### Alleged State and Federal Common Law Trademark Infringement

213. Defendants incorporate their responses to the allegations set forth in the previous Paragraphs.

214. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

215. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

216. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

217. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

218. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

## EIGHTH CAUSE OF ACTION

### Alleged Contributory Infringement of Section 32

219. Defendants incorporate their responses to the allegations set forth in the previous Paragraphs.

220. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

221. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

222. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

223. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

23
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

## NINTH CAUSE OF ACTION

**Alleged Accounting – Common Law**

224. Defendants incorporate their responses to the allegations set forth in the previous Paragraphs.

225. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

226. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

227. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

228. Defendants deny each and every allegation set forth in this Paragraph of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Failure To State A Claim

229. Plaintiff's claims are barred for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Laches and Acquiescence

230. Defendants assert that Plaintiff's claims are barred by the doctrines of laches, acquiescence, waiver and estoppel.

231. For instance, Plaintiff waited well over two years to bring this action. Plaintiff's principal, Moses Boone, sent a cease and desist email to Co-Defendant Krueger well over two years ago. And, Plaintiff's Amended Complaint admits that it knew about the alleged infringing activities of Defendants' former Co-Defendant Big Room since at least 2008.

24

ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

232. Plaintiff's delay in bringing this suit is unjustified and inexplicable.

233. Defendants are prejudiced by Plaintiff's delay because, among other things, they invested resources into businesses with the belief that Plaintiff did not intend to pursue its allegations and therefore acquiesced to Defendants actions.

THIRD AFFIRMATIVE DEFENSE

No Likelihood of Confusion

234. Plaintiff's claims are barred in whole or in part because Defendants' proposed activity is not likely to cause confusion, mistake or deception with any alleged rights asserted by Plaintiff.

FOURTH AFFIRMATIVE DEFENSE

Public Policy

235. Plaintiff's claims are barred because this Court does not have subject matter jurisdiction or should refuse to exercise subject matter jurisdiction over TLD applications.

236. ICANN is a non-profit organization that is contracted to manage the domain name system ("DNS") globally to ensure that each Internet address is unique. A domain name is made up of two elements: before and after the "dot." The part to the right of the dot, such as "com," "net," or "org" is known as the top-level domain ("TLD"). Only one company can be in charge of a TLD and to do so it must contract with ICANN. ICANN also runs an accreditation system for registrars. Through its procedures, ICANN provides a consistent and stable environment for the domain name system, and hence the Internet.

237. In the coming months, ICANN will allow applicants to register new TLDs. The application process is extensive and includes contention procedures for entities competing over similar TLDs and procedures for entities to contending they own intellectual property rights over a TLD.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

25
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

238. Plaintiff's claims regarding the parties' applications for the .eco TLD should be brought before ICANN and utilize ICANN's procedures for resolving such disputes.

FIFTH AFFIRMATIVE DEFENSE

Generic Mark

239. Plaintiff's claims are barred because Defendant's alleged proposed use of the ".eco" mark is generic and not an infringing use.

240. Defendants' use of ".eco" as a TLD, is a generic use of the mark.

241. To the extent that the mark ".eco" is used by Defendants to refer to a TLD, the mark is merely descriptive of the registry ".eco" and, therefore, generic.

SIXTH AFFIRMATIVE DEFENSE

Lacks Secondary Meaning

242. Plaintiff's alleged mark lacks secondary meaning.

SEVENTH AFFIRMATIVE DEFENSE

Non-Infringement

243. Defendants have not infringed Plaintiff's alleged trademark under federal or state law.

244. Top-level domain extensions are generic and the U.S. Patent and Trademark Office has a specific rule prohibiting TLDs from registration as trademarks. Accordingly, Defendant's alleged intent to run ".eco" as a TLD is not trademark use and cannot be considered trademark infringement.

EIGTH AFFIRMATIVE DEFENSE

Lacks Standing

245. Plaintiff lacks standing because Plaintiff is not the owner of the alleged mark.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

26

ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

NINTH AFFIRMATIVE DEFENSE

Fair Use

246. Plaintiff's claims are barred in whole or in part because use of the website supportdoteco.com and supportdoteco.org and Defendants' conduct, including any use, promotion and exploitation of the designation "doteco," is protected by free speech and the First Amendment of the Constitution of the United States of America.

247. Furthermore, Defendants' alleged use of the designation "doteco" is fair use as a designation to describe Defendants' services.

TENTH AFFIRMATIVE DEFENSE

Trademark Misuse

248. Plaintiff's claims are barred in whole or in part because the '170 registration is unenforceable due to trademark misuse, in that Plaintiff is attempting to enforce a trademark that it does not own and was improperly registered.

249. Defendants specifically incorporate the allegations pled in the statement of facts in its Counterclaims as if fully plead in and to support this Affirmative Defense.

ELEVENTH AFFIRMATIVE DEFENSE

Subject Matter Jurisdiction

250. This Court lack subject-matter jurisdiction over Plaintiff's claims seeking an injunction prohibiting Defendants from "[r]egistering, trafficking in, and using, in any manner, any.ECO and/or DOTECO and/or confusingly similar trademarks(s), trade name(s) and/or domain name(s), including in relation to the rendering of domain name registry services."

TWELFTH AFFIRMATIVE DEFENSE

Reservation of Rights

251. Defendants are informed and believe, and on that basis allege, that there may be certain affirmative defenses available to them, of which they are unaware at this time. Defendants expressly reserve the right to amend this answer, to add, delete and/or modify affirmative defenses based upon legal theories, facts, and circumstances which may or will be developed through discovery and/or through further legal analysis of Defendants' position in this litigation.

## COUNTERCLAIMS

Defendant Top Level Domain Holdings asserts its Counterclaims as follows:

## PARTIES

1. Counterclaim-Plaintiff Top Level Domain Holdings Limited is a British Virgin Island Company with a Registered Office located at Craigmuir Chambers, Road Town, Tortola, BVI VG 1110.

2. Counterclaim-Defendant Planet .Eco LLC ("Planet .Eco") is, upon information and belief, a Connecticut limited liability company, organized and existing under the laws of the State of Connecticut with an office located at 45 West North St., Stamford, CT 06902.

3. Counterclaim-Defendant Moses Boone ("Moses Boone") is an individual, residing, upon information and belief, in New York. At all times material to this action, Counterclaim-Defendant Moses Boone personally directed Planet .Eco in the acts or omissions alleged in these Counterclaims.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court over Defendant Top Level Domain Holdings' Counterclaims is based upon 28 U.S.C. §§ 1331, 1338(b), 1367, 2201, and 2202; and upon Rule 13 of the Federal Rules of Civil Procedure.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

5.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## THE CONTROVERSY

6.      Counterclaim-Defendant Planet .Eco sued Counterclaim-Plaintiff Top Level Domain Holdings Limited (TLDH) for trademark infringement, unfair competition, and false advertising under the Lanham Act.  TLDH has denied Planet .Eco's allegations and asserted various defenses and affirmative defenses. Those denials and asserted defenses are incorporated by reference into the Counterclaims as if fully pled herein.

7.      TLDH owns only 26.4% of Doteco LLC.

8.      TLDH did not direct Doteco LLC to file a petition to cancel Trademark Registration No. 3716170.

9.      TLDH did not control Doteco LLC's activity in connection with the petition to cancel Trademark Registration No. 3716170.

## FRAUDULENT REGISTRATION

10.     On or about April 20, 2008, "Colored Planet Connextion" filed a trademark application for the designation ".eco."  This application gave rise to Trademark Registration No. 3716170 ("the '170 registration") for the ".eco" trademark, which is the registration asserted by Planet .Eco in its Amended Complaint against Defendants.

11.     The application listed "Colored Planet Connextion" as the applicant and owner of the mark.

12.     When the application for ".eco" was filed by "Colored Planet Connextion" it could not be an applicant for, or an owner of, a trademark because it was not a legal entity and had not been formed or registered in any state.

13.     Nevertheless, the application for ".eco" was purportedly signed, under penalty of perjury, by Moses Boone and Trevin Griffin as signatories for "Colored Planet Connextion."  Messrs. Boone and Griffin are identified in the trademark

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

application as "signatories" and "co-owners."

14. By signing the application Messrs. Boone and Griffin were expressly representing to the U.S. Patent and Trademark Office ("USPTO") that "Colored Planet Connextion" was the true and correct applicant for the ".eco" trademark, and that it was a duly formed and existing Connecticut entity.

15. On information and belief, both Moses Boone and Trevin Griffin knew when they signed the application that "Colored Planet Connextion" was not a legal entity.

16. Moses Boone thereafter continued to falsely represent that "Colored Planet Connextion" was the owner of ".eco" a federally registered trademark.

17. On November 9, 2009, Defendant Frederick Krueger received an email from Moses Boone falsely claiming that his business, "Colored Planet Connextion" registered ".eco/doteco" as a trademark, when in fact no registration had issued yet. On or around this same time, Moses Boone and or "Colored Planet Connextion" caused Doteco's Facebook page to be shut down by Facebook by making a false assertion of trademark rights in ".eco/doteco." Facebook later restored Doteco's Facebook page despite "Colored Planet Connextion's" purported rights.

18. Only after the aforementioned misrepresentation did Moses Boone file to form or register "Colored Planet, Inc." with the Connecticut Secretary of State. However, the efforts to cure the application were belated. When "Colored Planet Connextion" filed its application for ".eco" on or about April 20, 2008, it could not be an applicant for, or an owner of, a trademark because it was not a legal entity and had not been formed or registered in any state.

19. On information and belief, Moses Boone and Planet .Eco have and are falsely representing that they own the ".eco/doteco" trademark in connection with operating a top level domain.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

30
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

20. On or about January 4, 2010, Doteco filed a petition to cancel the '170 registration because the mark was not in use on goods and services claimed in the Statement of Use.

21. During the cancellation proceeding, Mr. Boone falsely represented to the USPTO that he is the "sole owner" of the ".eco" trademark.

22. On information and belief, in an apparent attempt to paper over and cover-up the fact that the application for registration of ".eco" had been made in the name of a nonexistent company Mr. Boone (one of the two stated "co-owners") executed a purported assignment of the ".eco" mark. Mr. Boone signed as both the assignor ("Colored Planet Connextion; Moses Boone") and assignee ("Planet .Eco LLC; Moses Boone").

23. The alleged assignment was purportedly signed on February 7, 2012.

24. But, this purported assignment was recorded with the USPTO on January 29, 2012 -- eight days before the execution date.

25. Mr. Boone's purported assignment was ineffective, even if it had been properly dated. Upon information and belief, neither Mr. Griffin nor "Colored Planet Connextion" ever assigned any rights they may have had to the ".eco" mark to Mr. Boone.

## ICANN'S APPLICATION PROCESS

26. On or about January 11, 2012, counsel for Planet .Eco sent a cease and desist letter to Doteco, demanding that Doteco "cease and desist from any new activities in furtherance of Doteco LLC's stated intention to apply to ICANN to operate a ".eco" TLD, or any confusingly similar TLD."

27. ICANN is the non-profit organization that manages the domain name system ("DNS") globally to ensure that each Internet address is unique. A domain name is made up of two elements: before and after the "dot." The part to the right of the dot, such as "com," "net," or "org" is known as the top-level domain

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

31
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

("TLD"). Only one company can be in charge of a TLD and to do so a company contracts with ICANN. ICANN also runs an accreditation system for registrars. Through its procedures, ICANN provides a consistent and stable environment for the domain name system, and hence the Internet.

28. In the early part of 2012, ICANN allowed applicants to apply to run registries for new TLDs. The application process is extensive and includes contention procedures for entities competing over similar TLDs.

29. Planet .Eco's original Complaint in this matter stated that it intended to file an application for ".eco" as a TLD; and according to ICANN's public records, Planet.Eco did so apply.

30. Planet .Eco's alleged federal trademark rights do not give it the exclusive right to apply to register ".eco" as a TLD.

31. It is not possible to register a TLD as a federal trademark for domain name registry services.

32. On information and belief, Planet .Eco represented or implied to potential investors that it had applied for and owned or would own the trademark ".eco" for use in connection with the application for the ".eco" top level domain and for top level domain name registry services.

33. On information and belief, Planet .Eco was deceiving potential investors, supporters and or customers by implying that its trademark application would give it the absolute right to the ".eco" top-level domain registry.

34. On information and belief, Planet .Eco's sole purpose in filing this lawsuit is to inappropriately influence ICANN and to extract a monetary payment from Defendants on the assumption that they would rather pay Planet .Eco than risk that its baseless trademark claims undermine an application for ".eco" as a TLD.

35. On information and belief, Mike Rodenbaugh, then counsel for Planet

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

32
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

.Eco LLC, discussed the present litigation with Defendant Fred Krueger (even though Fred Krueger was represented by counsel at the time) and told him that he should not worry about the pending litigation, because the lawsuit was only about "money," despite the fact that he had threatened to file motions for both a temporary restraining order and a preliminary injunction, which never materialized, but which threats caused Defendants to incur significant expense and inconvenience to prepare to defend against Planet .Eco's baseless threats.

**COUNTS OF COUNTERCLAIM**

**COUNT I**

**Cancellation Of U.S. Trademark Registration No. 3716170**

**Void Ab Initio 15 U.S.C. Section 1015(a)(i)**

(Against Planet .Eco and Moses Boone)

36. Counterclaim-Plaintiff Top Level Domain Holdings Limited (TLDH) re-alleges all preceding paragraphs.

37. "Colored Planet Connextion" was named as the applicant and owner of the ".eco," mark in the '170 federal trademark registration.

38. At the time the registration issued, "Colored Planet Connextion" was not a legal entity. It had not been formed or registered in any state.

39. Because it was not a legal entity, "Colored Planet Connextion" could not have applied for or been the owner of a federal trademark.

40. Moses Boone and Trevin Griffin signed the registration application as "signatories" and "co-owners" even though they knew that "Colored Planet Connextion" was not a legal entity.

41. A trademark registration, such as the registration at issue here for ".eco", that results from an application filed in the name of a non-existent entity is void ab initio. This defect cannot be cured.

42. Therefore, Counterclaim-Plaintiff TLDH seeks cancellation of the

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

33
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

".eco" trademark.

## COUNT II

### Cancellation of Registration No. 3716170: Abandonment

(Against Planet .Eco and Moses Boone)

43. Counter-claim Plaintiff TLDH re-alleges all preceding paragraphs.

44. The application for the '170 registration was filed in the name of "Colored Planet Connextion." The application was signed by Moses Boone and Trevin Griffin as "co-owners."

45. As a "co-owner" Trevin Griffin at one time asserted some ownership rights over the ".eco" mark.

46. On information and belief, Planet .Eco purports to assert the trademark rights against TLDH that had been purportedly assigned to it by "Colored Planet Connextion; Moses Boone." Planet .Eco could not have received all rights in the mark because the purported assignor "Colored Planet Connextion" did not exist at the time of the application and the stated co-owners of the nonexisting entity included not only Moses Boone but also Trevin Griffin.

47. Upon information and belief, Trevin Griffin never assigned any rights in the .eco mark to either Mr. Boone or Planet .Eco.

48. As such, Mr. Boone could not have assigned all rights, title, or interest in the mark to Planet .Eco because he was, at best, only part owner of the ".eco" mark.

49. Thus, any purported assignment to Planet .Eco could not convey all right, title and interest to the alleged ".eco" mark or to the '170 registration.

50. Upon further information and belief, Mr. Boone ceased doing any business with Mr. Griffin in 2009. Thus, there has been no unity of control of the alleged ".eco" mark since Mr. Boone and Mr. Griffin ceased their business relationship.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

51. The ".eco" mark has therefore ceased to have unity of control and is abandoned.

52. Alternatively, the ".eco" mark has been assigned without all the goodwill associated with the mark, and is abandoned.

53. Therefore, Counterclaim-Plaintiff TLDH respectfully seeks cancellation of the ".eco" trademark.

**COUNT III**

**Cancellation of Registration No. 3716170:**

**Fraud on the Trademark Office**

(Against Planet.Eco and Moses Boone)

54. Counterclaim-Plaintiff TLDH re-alleges all the preceding paragraphs.

55. The subject registration 3716170 was filed based on intent to use and covers: "Design, creation, hosting and maintenance of internet sites for third parties; Hosting of digital content on the Internet; Providing specific information as requested by customers via the Internet."

56. A statement of use was filed on May 22, 2009, attesting that the mark was in use on all the services since December 2, 2008 and in commerce since January 1, 2009.

57. An office action issued rejecting the specimen as merely the typed word .eco.

58. On September 27, 2009, Counterclaim-Defendant Moses Boone submitted substitute specimens and an office action response with a notation that: "The attachments are pages from the website "thedoteco.com." I have included the mission page, the why .eco, the birth of .eco, and faqs. The website is being used to solicit investors and support prior to application to ICANN for a new environmental domain extension. https://sites.google.com/a/thedoteco.com/doteco/start-page"

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

59. On information and belief, at the time that the statement of use was filed, the mark .eco was not in use for: "Design, creation, hosting and maintenance of internet sites for third parties."

60. On information and belief, at the time that the statement of use was filed, the mark .eco was not in use for: "Hosting of digital content on the Internet."

61. On information and belief, at the time that the statement of use was filed, the mark .eco was not in use for: "Providing specific information as requested by customers via the Internet."

62. On information and belief, the substitute specimens accepted by the Examining Attorney do not show use of the mark on any of the services covered in the application.

63. On information and belief, as supported by the statement made by Moses Boone in connection with the office action response, Moses Boone and whomever he was acting for simply intended to apply for a gTLD .eco, similar to the plans of Counterclaim-Plaintiff TLDH.

64. The explanation of Mr. Boone that the specimens are used "to solicit investors and support" for a new top level domain make it clear that the specimens do not show use of the mark for any services covered in the registration.

65. In a Cancellation action filed by Co-Defendant DotEco LLC, in the United States Patent and Trademark Office, Cancellation No. 92051924, Moses Boone submitted three suspiciously identical and self-serving affidavits from what appeared to be friends and family stating that he helped them with a website.

66. Those affidavits state that Mr. Boone "of .ECO" helped them find a hosting service, not that he provided hosting services.

67. On information and belied, the opportunity to probe those affidavits through discovery will cast doubt as to whether and how the .eco mark was used in connection with any services at all.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

36

ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

68. The affidavits do not support use of the mark on all the services covered in the statement of use.

69. Therefore, Registrant's statement of use was filed incorrectly and was improper. The mark .eco was not in use with all the services covered in the application and should not have been registered.

## COUNT IV

### Cancellation of Registration No. 3716170: Genericness

(Against Planet .Eco and Moses Boone)

70. Counterclaim-Plaintiff TLDH re-alleges all preceding paragraphs.

71. Plaintiff's alleged mark is generic and should not be afforded trademark protection. Plaintiff's generic mark is subject to cancellation pursuant to 15 U.S.C. § 1119 and/or should be deemed invalid or not a protectable trademark.

72. Plaintiff alleges in its Amended Complaint that its registry services are identical and highly related to services covered by the '170 Registration, which constitutes a generic use of the mark.

73. To the extent that the mark .eco is used by Plaintiff or Defendants to refer to a TLD the mark is merely descriptive of the registry ".eco" and, therefore, generic.

## COUNT V

### Monopolization Through Use of Purported Trademark Registration

### Sherman Act §2, 15 U.S.C. §2

74. Counterclaim Plaintiff TLDH re-alleges all preceding paragraphs.

75. Planet .Eco is attempting to monopolize the TLD registration process for the ".eco" TLD. Planet .Eco's anti-competitive conduct includes asserting a baseless or fraudulent trademark registration in an attempt to enjoin TLDH and others from filing or maintaining an application with ICANN for ".eco" as a TLD.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

76. The Sherman Act §2, 15 U.S.C.A. §2, provides that any person who attempts to monopolize any part of trade or commerce shall be deemed guilty of a felony.

77. The '170 registration is for use of its mark solely in connection with the "design, creation, hosting and maintenance of Internet sites for third parties; hosting of digital content on the Internet; providing specific information as requested by customers via the Internet." These goods and services do not and could not include the registration of ".eco" as a TLD.

78. By asserting its purported registration for ".eco" as a trademark, Planet .Eco is seeking to monopolize use of the mark in connection with any goods and services related to the Internet.

79. Planet.Eco alleged in its original Complaint that it planned to file an application to operate a domain name registry with ICANN for the ".eco" TLD. Upon information and belief, Planet.Eco made these statements to improperly interfere with the ICANN process and to extract a monetary payment from Defendants.

80. Planet .Eco's purported federal trademark registration does not give it the right to register ".eco" as a TLD, or to exclude any other applicant from competing for ".eco" as a TLD.

81. Planet.Eco is attempting to extort a competitive advantage over legitimate commercial enterprises based on its prior '170 registration for other services.

## COUNT VI

**Cancellation of '170 Registration Based on False Trademark Registration Under Lanham Act §38, 15 U.S.C.A. §1120**

(Against Planet .Eco and Moses Boone)

82. Counterclaim-Plaintiff TLDH re-alleges all preceding paragraphs.

83. The United States trademark application for the '170 registration was filed in the name of "Colored Planet Connextion."

84. The United States trademark application for the '170 registration was signed by Moses Boone and Trevin Griffin as "co-owners."

85. The Trademark Act, 15 U.S.C. § 1051 requires that an application must be filed by the owner of the mark. An application that is not filed by the owner of the mark is void.

86. "Colored Planet Connextion" did not exist at the time the application for the '170 registration was filed. Thus, "Colored Planet Connextion," Moses Boone and Trevin Griffin made a false representation to the United States Patent and Trademark Office in seeking to obtain a registration.

87. "Colored Planet Connextion's" false claim of ownership directly affects the '170 registration as an application cannot be filed by a non-existent entity.

88. "Colored Planet Connextion," Moses Boone, and Trevin Griffin should have withdrawn the '170 registration and filed a new application for the ".eco" mark in the name of the entity that was actually using the mark in commerce.

## COUNT VII

**Unfair Competition and Unfair Business Practices**

**Under Cal. Bus. & Prof. Code § 17200 *et seq***

**(Trademark Troll)**

(Against Planet .Eco)

89. Counterclaim-Plaintiff TLDH re-alleges all preceding paragraphs.

90. Counterclaim-Defendant Planet .Eco has engaged in acts of unfair competition, as defined by California Business & Professions Code§ 17200, by engaging in the following unfair, unlawful and fraudulent business practices: (i)

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

39
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

violating the Sherman Act in attempting to monopolize use of ".eco", (ii) misrepresenting the ownership of ".eco" in order to obtain a trademark registration, (iii) misleading TLDH and the general public as to the validity of the '170 Registration, and (iv) attempting to enforce its alleged rights to the ".eco" mark against third parties.

91. These acts and practices, as described in the preceding paragraphs, violate Cal. Bus. & Prof. Code §17200.

92. Counterclaim-Defendant Planet .Eco's attempts to monopolize use of ".eco" constitute a violation of the Sherman Act.

93. Counterclaim-Defendant's attempt to use its invalid trademark registration to interfere with Counterclaim Plaintiff's business constitutes unfair business acts or practices within the meaning of Cal. Bus. & Prof. Code §17200. The harm to Counterclaim-Plaintiff outweighs any utility of Planet .Eco's practices, which have caused, and continue to cause, TLDH irreparable injury, loss of reputation and pecuniary damages. In addition, the harm caused to TLDH affects its business and client relationships.

94. Planet .Eco's representations that it owns the ".eco" mark is likely to deceive and has deceived, mislead and injured TLDH, thus constituting fraudulent business acts or practices within the meaning of Cal. Bus. & Prof. Code §17200.

95. Upon information and belief, Counterclaim-Defendant Planet .Eco knows, or has reasonable grounds to believe, that its alleged trademark for ".eco" was invalid, or even if somehow valid, that such trademark gave it no right to prevent any other party from applying for the ".eco" generic top level domain within the ICANN process.

96. Entities such as Planet .Eco are commonly referred to as "trademark trolls" because they misuse alleged trademark rights to deceive others, such as TLDH, into believing that they (e.g., the Counterclaim Defendants) have valid

40

ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

trademark rights, in order to persuade others, such as TLDH, not to pursue legitimate business rights, or to extract a monetary settlement, through abusive threats of litigation.

97. California's Unfair Competition ("UCL") permits civil recovery and injunctive relief for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other State, Federal or foreign law. For the reasons set forth herein, Planet.Eco has violated the UCL.

98. By reason of the unlawful, unfair or fraudulent business practices of Counter-Claim Defendants alleged herein, Counterclaim-Plaintiff has suffered, is suffering, and will continue to suffer, irreparable damage unless TLDH is granted preliminarily during the pendency of this action, and thereafter permanently, an injunction preventing Defendants from continuing their unlawful, unfair and/or fraudulent business practices. TLDH additionally seeks restitution as may be necessary, attorney's fees and costs and any further relief the Court deems just and proper as a result of Defendants unlawful, unfair and fraudulent business practices.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

## COUNT VII

**Abuse of Process**

(Against Planet .Eco)

99. Counterclaim-Plaintiff TLDH LLC re-alleges all preceding paragraphs.

100. Upon information and belief, Counterclaim-Defendant Planet .Eco instituted the present litigation for an ulterior motive and not on the basis of a legitimate attempt to enforce any rights it may have.

101. Upon information and belief, Planet .Eco willfully sought to use the proceedings of the present litigation for purposes not considered proper in the regular conduct of litigation.

41
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

102. Upon information and belief, Planet .Eco willfully used the present litigation to influence the application and registration process with ICANN for gTLDs.

103. Upon information and belief, Planet .Eco willfully sought to use the present litigation to threaten emergency motions, restraining orders and injunctions, which never materialized, for an improper purpose. Upon information and belief, Planet .Eco intends this litigation to improperly interfere with the ICANN gTLD process and particularly Defendants' application for ".eco" as a gTLD.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Dismiss with prejudice the Complaint against all Defendants;

B. Hold that Plaintiff is not entitled to any relief, whether in law or equity or otherwise, from its suit against Defendants;

C. A determination and adjudication of the rights and liabilities of the parties with regard to the .eco mark as they relate to this dispute;

D. Cancellation of U.S. Registration No. 3,716,170;

E. A declaration of non-infringement of U.S. Registration No. 3,716,170.

F. A preliminary and permanent injunction prohibiting Planet .Eco from further vexing conduct or harassment of TLDH and Minds + Machines;

G. A preliminary and permanent injunction prohibiting Planet .Eco from alleging or claiming the word, designation, standard character mark, or design mark ".eco" infringes upon any trademark right;

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

42
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

H. A preliminary and permanent injunction prohibiting Planet .Eco from alleging or claiming the word, designation, standard character mark, or design mark ".eco" constitutes unfair competition;

I. Punitive damages as permitted by applicable law and or statute;

J. An award of interests, costs, attorneys' fees incurred by TLDH and Minds + Machines in prosecuting this action, as permitted by applicable law and or statute; and

K. All other relief to which TLDH is entitled.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), TLDH and Minds and Machines hereby demand trial by a jury of twelve (12) on all issues so triable herein.

Dated: September 21, 2012

VENABLE LLP

By: [signature]
Janet Satterthwaite
Jeffrey A. Dunn
Tamany Vinson Bentz
Deborah A. Feinblum
Attorneys for Defendants

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

43
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT

## PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Venable LLP, 2049 Century Park East, Suite 2100, Los Angeles, California.

On September 21, 2012, I served a copy ☑ / original ☐ of the foregoing document(s) described as **ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action addressed as follows

Theresa Macellaro, Esq.
The Macellaro Law Firm
124 Brooks Avenue
Venice CA. 90291

*Attorneys for Plaintiff*, PLANET.ECO LLC

☑ By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☑ **BY MAIL (FRCP 5(b)(1)(C))**: I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 21, 2012, at Los Angeles, California.

Jan Contreras

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

45
ANSWER AND AMENDED COUNTERCLAIMS OF DEFENDANTS TOP LEVEL DOMAIN HOLDINGS LIMITED AND MINDS AND MACHINES LLC TO PLTF'S FIRST AMENDED COMPLAINT